**Charlotte Catherine Zimmer Ohlheiser, et al., Plaintiffs-Appellees, v. Dana H. Shepherd, Successor Trustee Under the Last Will and Testament of Benedict F. Zimmer, Deceased, Defendant-Appellant.**

Gen. No. 51,897.

First District, First Division.

May 22, 1967.

Rehearing denied June 12, 1967.

Sonnenschein Levinson Carlin Nath & Rosenthal, of Chicago (John J. Faissler and Gerald J. Sherman, of counsel), for appellant.

McMahon & Plunkett, of Chicago (Marshal I. McMahon, George H. Masek and Marshal I. McMahon, Jr., of counsel), for appellees.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

Defendant, Dana H. Shepherd, a resident of Wisconsin and a successor trustee under an Illinois testamentary trust, appeals from a mandatory injunction issued by the Circuit Court of Cook County, which directed him to deliver the corpus of the trust to the clerk of the Circuit Court of Cook County, as custodian. Defendant's theory is that the trial court did not have jurisdiction in personam over defendant, "who had not submitted to the

jurisdiction of the courts of this state and who was not served with process in this state."

No evidence was heard, and the facts are not in dispute. The will of Benedict F. Zimmer, a resident of Chicago, Illinois, was admitted to probate in Cook County, Illinois, on May 20, 1941. He bequeathed to his son, Benedict F. Zimmer, Jr., as trustee, shares of stock in Fritzsche Brothers, Inc. On November 8, 1952, Benedict F. Zimmer, Jr., submitted his resignation as trustee. Subsequently, on March 23, 1953, a decree was entered in Superior Court of Cook County, appointing Dana H. Shepherd, the defendant herein, as successor trustee of the testamentary trust.

The income beneficiary of the trust died on September 7, 1966, and the plaintiffs, residuary beneficiaries of the trust, sought delivery from defendant of the corpus of the trust. Defendant refused delivery until paid $27,401.-95 for his services as successor trustee and, in addition, $500 for attorney's fees.

Plaintiffs then filed the instant complaint in the Circuit Court of Cook County, Illinois, in which they sought "mandatory injunction pendente lite without notice and without bond directing (a) defendant to deliver the 2,000 shares of Fritzsche Brothers, Inc. stock with stock powers to the clerk of the court; (b) judgment against defendant assessing punitive and compensatory damages for breach of trust; and (c) denial of trustee's fees."

Defendant, by local counsel, filed "his special and limited appearance in the above entitled cause for the sole purpose of questioning the court's jurisdiction over the person of this defendant, and says: 1. It appears on the face of the complaint (par 4) that this defendant was at the time of his appointment and continues to be a resident of the State of Wisconsin. 2. It appears on the face of the complaint that defendant has not submitted to the jurisdiction of the court under the provisions of

Section 17 of the Civil Practice Act of Illinois in that defendant is not charged with the transaction of any business within this state, the commission of a tortious act within the state, the ownership, use or possession of any real estate situated in this state, or contracting to insure any person, property or risk located within this state at the time of contracting, and in that the matter is not an action for divorce or separate maintenance. WHEREFORE, defendant denies that this court has jurisdiction over the person of this defendant."

The order for the mandatory injunction entered November 22, 1966, shows that the question of the jurisdiction of the court over the defendant had been raised by the special appearance, and after the court heard the arguments of counsel, and "the court having examined the verified complaint of the plaintiffs and the affidavits in support of plaintiffs' said motion for a mandatory injunction and being fully advised in the premises; and the court having found that Benedict F. Zimmer died a resident of Chicago, Illinois, on March 16, 1941, and that his Last Will and Testament was admitted to probate by the Probate Court of Cook County, Illinois, on May 20, 1941 and having further found that the defendant herein, Dana H. Shepherd, was appointed Successor Trustee under the Last Will and Testament of Benedict F. Zimmer, Deceased, by the Superior Court of Cook County, Illinois, on the 23rd day of March, 1953, IT IS HEREBY ORDERED THAT: 1. This court has jurisdiction over the defendant . . . ," and the clerk of the court was commanded to issue a writ of injunction directing defendant to deliver up immediately to the Clerk the Fritzsche Brothers, Inc. stock, "together with stock powers executed by said defendant as Successor-Trustee, with his signature properly guaranteed."

Initially, defendant contends "a nonresident defendant must have certain minimum contacts with the forum state before jurisdiction in personam can be obtained by

service of process outside the state." Cases cited include International Shoe Co. v. Washington, 326 US 310 (1945), where there was regular and substantial solicitation of business by defendant's agents physically present in the State of Washington, and the court set forth the standard by which "transaction" of business must be measured (p 316). To permit a state court to exercise in personam jurisdiction over a nonresident, the defendant must have had "certain minimum contacts" within the state, such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."

Also cited is Hanson v. Denckla, 357 US 235 (1958), where the court held that a judgment of a Florida court was not entitled to full faith and credit in Delaware because the Florida court lacked personal jurisdiction over a nonresident trustee. There, the controversy concerned part of the corpus of an inter vivos trust established in Delaware by a settlor, who later became domiciled in Florida. The Florida court sustained the position of one group of claimants, who urged that the property passed under the residuary clause of the settlor's will, which was admitted to probate in Florida. Other claimants contended that the property passed pursuant to the settlor's exercise of the inter vivos power of appointment created in the deed of the trust. The Delaware courts adopted this position and refused to accord full faith and credit to the Florida determination because the Florida court had not acquired jurisdiction over the Delaware trustee. The United States Supreme Court said (pp 250–251):

> "As technological progress had increased the flow of commerce between States, the need for jurisdiction over nonresidents has undergone a similar increase. At the same time, progress in communications and transportation has made the defense of a suit in a foreign tribunal less burdensome. In re-

sponse to these changes, the requirements for personal jurisdiction over nonresidents have evolved from the rigid rule of Pennoyer v. Neff, 95 US 714, to the flexible standard of International Shoe Co. v. Washington, 326 US 310. But it is a mistake to assume that this trend heralds the eventual demise of all restrictions on the personal jurisdiction of state courts. See Vanderbilt v. Vanderbilt, 354 US 416, 418. Those restrictions are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the respective States. However minimal the burden of defending in a foreign tribunal, a defendant may not be called upon to do so unless he has had the 'minimal contacts' with that State that are a prerequisite to its exercise of power over him. See International Shoe Co. v. Washington, 326 US 310, 319."

Defendant further contends that "the Illinois 'Long Arm Statute' [Ill Rev Stats, c 110, § 17] was passed by the legislature to provide for service on nonresidents in instances where the courts of this state could properly exercise personal jurisdiction within the limitations of due process. The legislature specifically designated the 'minimum contacts' which it considered appropriate to justify exercise of such personal jurisdiction. The determination of such 'minimum contacts' (within the area which would be permissible under the due process clause) is a legislative, not a judicial function."

To show that section 17 has been construed to limit the jurisdiction of the courts in personam to cases where acts enumerated in the section are shown to have occurred in Illinois, defendant cites Nelson v. Miller, 11 Ill2d 378, 143 NE2d 673 (1957), which involved the "commission of a tortious act within this State," and Grobark v. Addo Mach. Co., Inc., 16 Ill2d 426, 158 NE2d 73 (1959), which

involved the question of whether defendant had transacted business within the State of Illinois. From these, defendant argues "that the court cannot acquire jurisdiction under the statute unless the defendant has substantial contacts with this state; unless some substantial part of the transaction occurred within this state; and unless the defendant, by his acts or conduct has invoked the benefits and protection of the laws of the forum."

Defendant further states that he was originally appointed successor trustee by the life beneficiary of the trust with the consent of the other beneficiaries, and that the 1953 proceeding in the Superior Court of Cook County was to satisfy objections of Fritzsche Brothers, Inc., and in that proceeding, "after finding that defendant had been appointed successor trustee and that consents had been executed, the court 'appointed' him successor trustee." Defendant further argues that no claim is made that he did anything, either personally or by an agent, in the State of Illinois, and the only services allegedly performed by him, as trustee, were to receive dividend checks and income tax returns through the mail and to mail the dividends and affix his signature to the income tax returns, and none of these allegations show that the cause of action arose out of any act done in Illinois, or that defendant had invoked the protections and benefits of the laws of this state.

Plaintiffs contend that the enactment of section 17 of the Civil Practice Act was to facilitate the personal jurisdiction of state courts over nonresidents and a consequence of the transition to the more liberal concept of due process commenced by the United States Supreme Court in International Shoe Co. v. Washington, 326 US 310. To show the legislative intent as expressed by section 17, and that Grobark v. Addo Mach. Co., Inc., 16 Ill2d 426, 158 NE2d 73 (1959), has in effect been overruled, plaintiffs cite Gray v. American Radiator & Stan-

dard Sanitary Corp., 22 Ill2d 432, 176 NE2d 761 (1961), where the court said (p 436):

> "As we observed in Nelson v. Miller, 11 Ill2d 378, the statute contemplates the exertion of jurisdiction over nonresident defendants to the extent permitted by the due-process clause."

Our view of the instant situation does not require that we explore the legislative intent as expressed in section 17 or that we reconcile the Illinois authorities which have construed section 17, nor are we persuaded that Hanson v. Denckla, 357 US 235, is controlling here.

Although defendant argues that his appointment as successor trustee was by the beneficiaries of the trust, his legal status as successor trustee under the Last Will and Testament of Benedict F. Zimmer, deceased, arose from his appointment by the March 23, 1953, decree of the Superior Court of Cook County, and his acceptance of the appointment by his affirmative acts. Therefore, we believe the rules and principles applied to testamentary trusts and trustees should be used as the guidelines to determine the issue here.

In addition to their general and inherent jurisdiction over trusts and actions to establish and enforce them, courts of equity have the right to exercise a supervisory control over trustees, and a trustee appointed by a court of equity is particularly within its control and subject to its decrees. Whenever, by the appointment of a trustee, a court has taken jurisdiction of the administration and execution of a trust, it has been held that it may require that all acts done thereafter by the trustee be done with its direction or with its sanction. Generally speaking, jurisdiction of the parties is essential to equity's power to determine controversies with respect to the establishment and enforcement of trusts, and such jurisdiction may be acquired in accordance with general rules. (90 CJS, Trusts, §§ 261, 454, pp 303, 306, 873.) If a court

obtains jurisdiction over a party to an action, that jurisdiction continues throughout all subsequent proceedings which arise out of the original cause of action. (Restatement of the Law of Conflicts of Law, § 76, p 114; Huston v. Weed, 242 Ill App 495 (1926).) The rule of law is well settled that the courts of the testator's domicile and of the state in which the will is probated have primary jurisdiction over testamentary trusts. (In re Johnston's Estate, 127 NJ Eq 576, 14 A2d 469 (1940).) A testamentary trustee, acting under court supervision cannot step across the state line with the portable trust assets in his pocket, and then defy the supervising court to remove him. Boone v. Wachovia Bank & Trust Co., 163 F2d 809, 816 (1947).

In Michigan Trust Co. v. Ferry, 228 US 346 (1913), which involved the question of jurisdiction of the court over an executor, it is said (p 353):

> "Ordinarily jurisdiction over a person is based on the power of the sovereign asserting it to seize that person and imprison him to await the sovereign's pleasure. But when that power exists and is asserted by service at the beginning of a cause, or if the party submits to the jurisdiction in whatever form may be required, we dispense with the necessity of maintaining the physical power and attribute the same force to the judgment or decree whether the party remain within the jurisdiction or not. This is one of the decencies of civilization that no one would dispute."

In International Shoe Co. v. Washington, 326 US 310, it is said (p 316):

> "Historically the jurisdiction of courts to render judgment in personam is grounded on their de facto power over the defendant's person. Hence his presence within the territorial jurisdiction of a court was prerequisite to its rendition of a judgment personally

91

binding him. Pennoyer v. Neff, 95 US 714, 733. But now that the capias ad respondendum has given way to personal service of summons or other form of notice, due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' "

And on p 319:

"Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure. That clause does not contemplate that a state may make binding a judgment in personam against an individual or corporate defendant with which the state has no contacts, ties, or relations."

And on p 320:

"It is enough that appellant has established such contacts with the state that the particular form of substituted service adopted there gives reasonable assurance that the notice will be actual."

■ ■ Applying the foregoing principles here, we consider that defendant, as successor trustee of a testamentary trust, became an officer of the court appointing him when he accepted the appointment by entering upon his duties as successor trustee. Although these duties did not require him to perform any act while physically within the State of Illinois, he impliedly submitted himself to the in personam jurisdiction of the court of appointment until discharged from his office. He exercised the right of acting as successor trustee by

the appointment of an Illinois court and has enjoyed the benefits and protection of the laws of Illinois. The exercise of that right gave rise to the obligation to respond to the court that appointed him. We think defendant had sufficient contact with the State of Illinois to subject him to its in personam jurisdiction and to satisfy due process. To hold that an appointing court be found to have jurisdiction in personam over its officer does not offend "traditional notions of fair play and substantial justice," provided he is adequately notified of the action against him so that he may defend himself.

For the reasons given, and as defendant does not contend that he was inadequately notified of the instant action or motion, we hold the Circuit Court of Cook County (to which the jurisdiction, judicial functions, powers and duties of the Superior Court of Cook County were transferred on January 1, 1964, the effective date of the new Judicial Article) had jurisdiction to enter the order appealed from, and therefore the order is affirmed.

Affirmed.

BURMAN and ADESKO, JJ., concur.