528 P.2d 821

**Paul V. FELTMAN and Eleanor O. Feltman, Petitioners,**

v.

**Honorable Rufus C. COULTER, Judge of the Superior Court, Maricopa County, State of Arizona, Division 24, Respondent;**

**Harry A. Feltman et al., Real Parties in Interest.**

**No. 11677–PR.**

Supreme Court of Arizona, In Banc.

Dec. 4, 1974.

Rehearing Denied Jan. 8, 1975.

Maxwell & Smith by Donald Maxwell, Scottsdale, for petitioners.

Beer & Kalyna by Paul Beer, Phoenix, for real parties in interest.

LOCKWOOD, Justice:

This petition for special action involves two testamentary trusts, the trust of· Oda A. Feltman and the trust of Charles H. Feltman, created under wills which were admitted to probate in Illinois in 1938 and

1949 respectively. The trusts were placed under the supervision of Illinois trustees: the Oda A. Feltman trust by her husband Charles H. Feltman, and then upon his death by her son, Roland D. Feltman, as sole trustee; the Charles H. Feltman trust was supervised by his sons, Roland D. Feltman and Paul V. Feltman as co-trustees.

Roland D. Feltman subsequently became a resident of Arizona and transferred all the trust assets to this state. Petitioner Paul V. Feltman is a beneficiary of the trusts and a resident of California. Roland D. Feltman is now deceased and Eleanor O. Feltman, petitioner, is his widow and the executrix of his estate. She is a resident of Arizona.

In addition to the Honorable Rufus C. Coulter of the Maricopa County Superior Court, the respondents include Harry A. Feltman, Esther L. Lustig, Susan Dutra, Charles Feltman, and Henry Feltman, beneficiaries under one or both of the trusts involved in this dispute. All are out of state residents.

On January 25, 1973, Paul and Eleanor Feltman filed petitions requesting Eleanor be appointed successor to Roland D. Feltman, deceased co-trustee of the Charles H. Feltman trust, and seeking instructions and a declaratory judgment as to legal rights and duties concerning portions of the trust agreements. On the same day Paul petitioned the Arizona court for appointment as successor trustee of the Oda A. Feltman trust. Harry A. Feltman, Esther L. Lustig, Susan Dutra, Charles Feltman and Henry Feltman were named as beneficiaries of both trusts. On February 2, 1973, motions to dismiss were granted by Judge Morris Rozar in both cases "on the basis that jurisdiction concerning both trusts is still within the State of Illinois."

On May 11, 1973 the present respondents who are beneficiaries filed two actions in Illinois alleging both trusts had been administered by their trustees in breach of certain fiduciary duties. On March 18, 1974, April 5, 1974 and April 8, 1974 respondents returned to the Arizona courts filing complaints involving the same causes of action and parties as the previous Arizona and Illinois suits. At a hearing before Judge Coulter on April 27, 1974, petitioners' motions to dismiss on the grounds, among others, of res judicata and the existence of concurrent jurisdiction with Illinois were denied.

The Court of Appeals declined to accept jurisdiction of the petition for Special Action on June 26, 1974. The Illinois actions are still pending.

The main argument advanced in the petition before us is that Judge Coulter's failure to dismiss respondents' complaints on the basis of res judicata was arbitrary and capricious and an abuse of discretion in that Judge Rozar had signed and filed orders dismissing the original Arizona complaints less than two months previous, on March 12, 1974.

We have previously stated that:

"Where the cause of action in the second action is the same as that in the first action, a final judgment in the latter upon the merits is a complete bar to the maintenance of the second action." Lauderdale v. Industrial Commission, 60 Ariz. 443, at 447, 139 P.2d 449, at 451 (1943).

But, as Professor Moore notes, "the underlying policy of res judicata is not restricted to a valid judgment that deals solely with the merits; it extends to and includes matters in abatement, such as jurisdiction of the subject matter * * *." 1B Moore's Federal Practice § 0.405(5) (1974). Koziol v. Fylgia, 230 F.2d 651 (2d Cir. 1956), cert. denied 352 U.S. 827, 77 S.Ct. 40, 1 L. Ed.2d 49; Hostetler v. Brotherhood of Railroad Trainmen, 183 F.Supp. 281 (D. Md.1960), aff'd 287 F.2d 457 (4th Cir. 1961), cert. denied 368 U.S. 955, 82 S.Ct. 397, 7 L.Ed.2d 387 (1962). Thus the dismissal of the 1973 complaints would at first glance appear to preclude the 1974 actions at issue in this case.

Respondents counter by asserting that although normally the present actions would

be barred by res judicata, this is not the case here because of the intervening adoption of the broad jurisdictional statutes in the new Arizona Probate Code, effective January 1, 1974. As pointed out by the United States Supreme Court in State Farm Mutual Automobile Ins. Co. v. Duel, 324 U.S. 154, 65 S.Ct. 573, 89 L.Ed. 812 (1945):

> "[I]t is * * * the general rule that res judicata is no defense where between ·the time of the first judgment and the second there has been an intervening decision or a change in the law creating an altered situation. 2 Freeman on Judgments (5th ed. 1925) § 713; Blair v. Commissioner, 300 U.S. 5, 9, 57 S.Ct. 330, 332, 81 L.Ed. 465 * * *." 324 U.S. at 162, 65 S.Ct. at 577, 89 L.Ed. at 819.

■ Petitioners strenuously and at great length dispute the applicability of this precedent relied on by the respondents and Judge Coulter in his order. The petitioners note that though the granting of the motions to dismiss for lack of subject matter jurisdiction over the original Arizona Complaints occurred on February 2, 1973, the judgments themselves were not signed by Judge Rozar and filed until March 12, 1974, when the New Probate Code had been in effect for over ten weeks. Rule 58(a), 16 A.R.S., of the Arizona Rules of Civil Procedure states:

> "All judgments shall be in writing and signed by a judge or a court commissioner duly authorized to do so. The filing with the clerk of the judgment constitutes entry of such judgment, and *the judgment is not effective before such entry * * *.*" (Emphasis added.)

Judge Rozar's orders thus constituted dismissals under the law in effect on March 12, 1974. Jackson v. Sears, Roebuck & Co., 83 Ariz. 20, 315 P.2d 871 (1957).

■ The above argument would have buttressed the defense of res judicata had not Judge Rozar on June 17, 1974, subsequent to the filing of the petition for special action, signed nunc pro tunc orders as authorized by Rule 58(a) of the Arizona Rules of Civil Procedure. The judgments were then made effective as of February 2, 1973. Black v. Industrial Commission of Arizona, 83 Ariz. 121, 317 P.2d 553 (1957).

■ Thus the next question for determination is whether Judge Coulter could properly have found that Arizona law relating to jurisdiction over these trusts had changed with the adoption of the new Probate Code. It was successfully contended by respondents at the hearing on the original Arizona actions that jurisdiction over the testamentary trusts involved was properly with the Illinois courts. It was urged that the controlling jurisdictional factors were that both trusts were formed under wills of Illinois residents which were admitted to probate in Illinois and that the clear intention of the decedents was that Illinois continue to exercise supervision for the duration of the trusts. Judge Rozar's decision appears to be in accord with the common law. A. Scott, The Law of Trusts §§ 553–664 (3d ed. 1967). Contra, e. g., Strawn v. Caffee, 235 Ala. 218, 178 So. 430 (1938). It is also in accord with Illinois law as evidenced by the denial of motions to dismiss for lack of jurisdiction in the actions still pending there. See Ohlheiser v. Shepherd, 84 Ill.App.2d 83, 228 N.E.2d 210 (1967).[1]

The relevant portions of the new Arizona statutes relied on by respondents and Judge Coulter when issuing his order read as follows:

> "§ 14–7201.
>
> "A. The court has exclusive jurisdiction of proceedings initiated by interested parties concerning the internal affairs

1. "The rule of law is well settled that the courts of the testator's domicile and of the state in which the will is probated have primary jurisdiction over testamentary trusts." 84 Ill.App.2d at 91, 228 N.E.2d at 214.

of trusts. Proceedings which may be maintained under this section are those concerning the administration and distribution of trusts, the declaration of rights and the determination of other matters involving trustees and beneficiaries of trusts. These include, but are not limited to, proceedings to:

"1. Appoint or remove a trustee.

"2. Review trustees' fees and review and settle interim or final accounts.

"3. Ascertain beneficiaries, determine any question arising in the administration or distribution of any trust including questions of construction of trust instruments, instruct trustees and determine the existence or nonexistence of any immunity, power, privilege, duty or right.

"4. Order transfer of administration of the trust to another state upon appropriate conditions as may be determined by the court, or accept transfer of administration of a trust from another state to this state upon such conditions as may be imposed by the supervising court of the other state, unless the court in this state determines that such conditions are incompatible with its own rules and procedures.

*   *   * "

"§ 14–7202.

"A. By accepting the trusteeship of a trust of which the principal place of administration is in this state, or by moving the principal place of administration of a trust to this state, the trustee submits personally to the jurisdiction of the courts of this state in any proceeding under § 14–7201 as to any matter relating to the trust arising while the principal place of administration is located in this state.

"B. To the extent of the beneficial interests in a trust of which the principal place of administration is in this state, the beneficiaries of the trust are subject to the jurisdiction of the courts of this

state for purposes of proceedings under § 14–7201.

"C. Unless otherwise designated in the trust instrument, the principal place of administration of a trust is the trustee's usual place of business where the records pertaining to the trust are kept, or at the trustee's residence if he has no such place of business.

*   *   * "

A.R.S. § 14–7201 confers jurisdiction to hear this dispute on the Superior Court. Pursuant to A.R.S. § 14–7202 the trustees consented to this exercise of jurisdiction since the principal place of administration is in Arizona, as evidence by the location of all the records, bookkeepers and assets in this state. These statutes clearly work a change in the law as to jurisdiction over testamentary trusts in that, among other factors, the residence of a decedent, the state in which the will is probated and the intention of the testator are criteria given considerably less weight in a dispute over jurisdiction such as in the instant case.

Petitioner lastly contends Judge Coulter acted in excess of his authority by accepting jurisdiction when similar actions were pending in Illinois. We do not agree. Newly enacted A.R.S. § 14–7205 reads in part as follows:

"The court will not, over the objection of a party, entertain proceedings under § 14–7201 involving a trust which is under the continuing supervision of a foreign court, is registered in another state or has its principal place of busines in another state, except:

"1. If all appropriate parties could not be bound by litigation in the courts of the other state.

*   *   * "

Without reaching the question of whether these trusts are under the continuing supervision of the Illinois courts, it is clear all parties could not be bound by litigation in that state. Eleanor O. Feltman as executrix of the estate of (former trustee) Ro-

land D. Feltman and the estate of Roland D. Feltman cannot be bound by litigation in Illinois because, as we have previously stated, any judgment rendered against the executrix in her representative capacity and the estate in a jurisdiction other than the one issued her letters fiduciary will not be given full faith and credit in Arizona. Farnsworth v. Hubbard, 78 Ariz. 160, 277 P.2d 252 (1954); Day v. Wiswall, 11 Ariz.App. 306, 464 P.2d 626 (1970). We find Judge Coulter's action to be a proper exercise of authority within the purview of A.R.S. § 14–7205(1).

Having found no abuse of discretion or arbitrary or capricious action, the prayer for relief is denied.

CAMERON, V. C. J., and STRUCK-MEYER and HOLOHAN, JJ., concur.

Note: Chief Justice JACK D. H. HAYS did not participate in the determination of this matter.