EDWIN A. PHELPS ET AL. V. LOUISA WOLFF.

FILED JUNE 8, 1905. No. 13,859.

1. Judgment: NUNC PRO TUNC ENTRY. The district court máy enter a judgment *nunc pro tunc* on motion and notice, and the fact that the application therefor is not made for a considerable time after the judgment was rendered does not deprive the court of jurisdiction.

2. Foreclosure: LACHES. A plaintiff in a foreclosure suit, who appears to have been diligent in endeavoring to subject the mortgaged property to the payment of the mortgage debt and procure a deficiency judgment, and who, to that end, has proceeded as rapidly as the nature of the case and the rules of procedure will permit, cannot be said to be guilty of laches.

3. Judgment: NUNC PRO TUNC ENTRY. An entry made by the clerk of the district court, which has been held by this court insufficient to constitute a final judgment, is not sufficient to constitute a bar to an application for the entry of a judgment *nunc pro tunc*.

4. ————: FINDINGS. Such a judgment, however, must conform to and be no broader in its terms than the judgment actually rendered; and where the decree so entered contains findings not supported by the evidence introduced on the hearing of the application for its entry, it will be reversed as to such findings.

ERROR to the district court for Colfax county. CONRAD HOLLENBECK, JUDGE. *Judgment modified.*

*George W. Wertz,* for plaintiffs in error.

*George H. Thomas, contra.*

BARNES, J.

This is a proceeding in error to reverse an order of the district court for Colfax county directing the entry of a decree *nunc pro tunc* in a foreclosure suit.

It appears that one Louisa Wolf commenced an action to foreclose a mortgage on certain real estate situated in Colfax county, in the district court for that county against Goodwin W. Phelps, Oweda Phelps, Julius F. Phelps, Charles J. Phelps and Edwin A. Phelps, and on the 7th day of December, 1895, obtained a decree against them. The judge's notes of the rendition of the decree appear on the court calendar of that date as follows: "Default as to all defendants except as to Julius F. Phelps. Amt. due plff. $802.87, to draw int. at 10 per cent. Decree of foreclosure accordingly, and order of sale in default of payment for twenty days." That thereafter the clerk journalized the decree, as shown by the court journal, in the words and figures following: "*Louisa Wolff v. Goodwin W. Phelps et al.* Now on this 7th day of J̣ ᵕᵐber, A. D. 1895, this cause came on for hearing and trial to the court, and the defendants Oweda Phelps, Goodwin W. Phelps, Charles J. Phelps and Edwin A. Phelps, having failed to answer or demur, were each three times called in open court, but came not, and thereby made default, and default is hereby entered against them. On consideration whereof the court finds that there is due the plaintiff from the defendant the sum of $802.87, which said amount draws interest at the rate of ten per cent. per annum, and the sheriff is hereby ordered to advertise and sell said premises according to law, in default of payment for twenty days." The foregoing is the only decree or judgment in that action that appears in the records of the court. The defendant, Goodwin W. Phelps, at that time applied for and obtained a stay of order of sale, and, after the expiration of such stay, the real estate described in the mortgage was offered for sale, but not sold for want of bidders. Sometime afterwards

the property was sold by the sheriff for the satisfaction of the decree, the sale confirmed, and thereupon the plaintiff applied to the court for a deficiency judgment. Her application was denied, and she appealed to the supreme court, where the order of the trial court was affirmed, for the reason that it did not appear from the record that any final judgment or decree had ever been rendered by the trial court. 3 Neb. (Unof.) 511. After the cause was remanded, the plaintiff filed a motion in the district court for the entry of a proper decree *nunc pro tunc.* Notice of the application was duly served. The defendants appeared and objected to the entry of such decree, and by their objections, among other things, denied all of the allegations contained in the plaintiff's application. Thereupon, a trial was had, and after the introduction of the evidence in support of the application, the court made an order directing the clerk to enter a decree of foreclosure as of the date of December 7, 1895. To this order the defendants excepted, and to reverse the decree the defendants, Edwin A. Phelps and Charles J. Phelps, prosecute error.

The plaintiffs in error contend that the defendant has been guilty of gross laches in permitting the journal to stand in its present condition for more than eight years. It appears from the record that the defendant has been striving to enforce the decree and obtain a deficiency judgment from the date of its rendition to the present time; that the property was sold as soon as a purchaser could be found in the ordinary course of procedure; that the sale was confirmed, and the defendant herein promptly made application for a deficiency judgment; that her application was denied, and from that order she prosecuted error to this court. She then ascertained for the first time that no final judgment or decree of foreclosure had been entered in the records of the trial court, and for that reason the order of the court denying her a deficiency judgment was affirmed. As soon as the cause was remanded, the proceeding, which is the foundation of the

present action, was commenced, and resulted in the entry
of the decree which is now complained of. So it cannot
be successfully urged that she has been guilty of laches,
as claimed by the plaintiffs.

It is also contended that the former judgment is still in
force; that a new judgment cannot be entered until such
former judgment is disposed of in some manner, and that
the defendant herein is estopped to deny the correctness
of the old entry as made. There is nothing in this con-
tention, and it comes with poor grace from one who has
heretofore sought and obtained a judgment of this court
by which it is held, in effect, that no final decree had
been entered in this case prior to the time of the entry
of the one now complained of.

The plaintiffs further contend that the evidence is not
sufficient to support the judgment or decree complained
of. This presents a more serious question. As before
stated, all of the allegations of the application were de-
nied by the plaintiffs' objections. The defendant herein
introduced as evidence in support of her application, first,
the judge's notes found in the court calendar of the date
of December 7, 1895; second, the journalizing of the same
made by the clerk; both of which entries are quoted
above. She also introduced the application of Goodwin
W. Phelps for a stay of order of sale, together with the
evidence of George H. Thomas, as follows: "I was in
court on the 7th day of December, 1895; Judge Marshall
presiding. I heard him pronounce the decree in this case,
and at the same time he made entry thereof in the dis-
trict court calendar. After he had made the entry in the
court calendar, he read what he had written and entered
therein. I will state that I am well acquainted with the
signature of Goodwin W. Phelps; that the signature at-
tached to exhibit A (which is the request for a stay of
order of sale) is his signature. I am well acquainted
with the handwriting in the body of this instrument, ex-
hibit A, and I will state that the same is in the handwrit-
ing of one Ethal L. Robins." The above and foregoing

includes all of the evidence offered by the defendant in support of her application. We are satisfied that this evidence is sufficient to authorize the court to make the proper findings and enter an ordinary decree of foreclosure *nunc pro tunc*. But it appears that the decree as entered, and which is the basis of this proceeding in error, contains the following: "The court further finds that the defendants Goodwin W. Phelps, Charles J. Phelps, and Edwin A. Phelps, and each of them, are personally liable to the plaintiff for the payment of said note, and the amount due and owing thereon, and that they, and each of them, are personally liable for any deficiency which may remain after applying the proceeds of the sale of said premises to the payment of the amount herein found due and owing." It seems clear that the evidence of the defendant in support of her application is not sufficient to sustain the finding above quoted. Neither the judge's notes nor the journalizing thereof by the clerk contain anything whatever in relation to a finding of a personal liability on the note, or a liability of the plaintiffs herein for a deficiency. The evidence of the witness Thomas goes no further than the entries above mentioned. He simply testified that he was present in court and heard the judge render the decree, and saw him enter his notes on the calendar, and that he heard him thereafter read such entry. He did not attempt to state what the terms of the judgment which the court actually rendered were, and there is nothing in the record anywhere which would indicate that the court actually made the finding above quoted at the time he rendered his decree. It is beyond question that the district court had jurisdiction to order. the decree, which was actually rendered by Judge Marshall on the 7th of December, 1895, entered upon the journal of the court as of that date. *Garrison v. People*, 6 Neb. 274; *Hoagland v. Way*, 35 Neb. 387; *Wachsmuth v. Orient Ins. Co.*, 49 Neb. 590; *Fisk v. Osgood*, 2 Neb. (Unof.) 100; *Creedon v. Patrick*, 3 Neb. (Unof.) 459; *Morrill v. McNeill*, 3 Neb. (Unof.) 220. The

present presiding judge could have no personal knowledge of the terms of the decree which was actually rendered, because it was not rendered by him. He is the successor of Judge Marshall, who rendered the judgment, and who is now deceased. A *nunc pro tunc* judgment must conform to and be no broader in its terms than the one originally rendered. We find no evidence in the record showing, or even tending to show, that the judge of the district court, when he rendered the judgment of December 7, 1895, made any finding whatever as to the liability of the plaintiffs herein for a deficiency. So we conclude that the evidence is insufficient to sustain the finding contained in the present judgment on that point.

For this reason, so much of the judgment complained of as relates to the personal liability of the plaintiffs for a deficiency is reversed, and the judgment of the district court is in all other things affirmed, and the cause is remanded for further proceedings upon the application for a deficiency judgment.

JUDGMENT ACCORDINGLY.