CENTRAL WEST INVESTMENT COMPANY, APPELLEE, V. BARKER COMPANY ET AL., APPELLANTS.

FILED MAY 10, 1907.  No. 15,014.

1. Judgment: ENTRY NUNC PRO TUNC. Before the entry of an order or judgment *nunc pro tunc* may be be made it must appear that there was a failure to record an order or judgment which the trial court intended as the disposition of the question considered.

2. ——: ———. An order *nunc pro tunc* will be made only in the furtherance of justice, and will not be allowed for the entry of an order announced when the evidence shows that the order was vacated by the court at the same term it was rendered.

APPEAL from the district court for Douglas county: HOWARD KENNEDY, JUDGE. *Affirmed.*

B. N. Robertson, for appellants.

H. P. Leavitt, contra.

EPPERSON, C.

On January 19, 1901, the trial court had before it a special appearance filed by the defendants. Upon a hearing the court announced that the special appearance would be sustained, and made an entry on his docket to that effect. Afterwards, and on the same day, the court annulled the order so announced, and drew a pen line through the entry made on the docket. Afterwards the summons, which was assailed by defendants in their special appearance, was amended, and further objection by special appearance was made and overruled, and a decree of foreclosure entered. The defendants stood upon their objection, and unsuccessfully prosecuted an appeal to this court. *Barker Co. v. Central West Investment Co.,* 75 Neb. 43. After this court had affirmed the decree of foreclosure, defendants filed a motion for a judgment *nunc pro tunc* sustaining their first special appearance as of January 19, 1901. This motion was overruled, and the defendants again appeal.

In *Van Etten v. Test,* 49 Neb. 725, it was held that, where a judgment was rendered, but not recorded, the court at any time afterwards had power *nunc pro tunc* to enter the judgment. This rule is not questioned, but before it may be applied it must appear that there was a judgment or order announced which the trial court intended as the disposition of the issue considered. Trial courts frequently modify or vacate their orders. This may be done at the same term of court (*Smith v. Pinney,* 2 Neb. 139; *Wise v. Frey,* 9 Neb. 217), although no petition or motion therefor is filed. It frequently happens also that, where an order is annulled prior to the recording thereof, no record is made of the court's adjudication. Such is the condition of the record in this case. It is apparent that, if the conclusion first announced is made of record, the subsequent order annulling it should also be recorded. A judgment or order *nunc pro tunc* will be made in the furtherance of justice, and an entry showing only a part

of the entire proceedings, where the part not entered annuls the other, would be an injustice to the party against whom the order was made in the first instance. The entry which the defendants now seek to have entered *nunc pro tunc* would not show the full adjudication of the question presented, and therefore the motion was properly overruled.

We recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.