IN RE APPLICATION OF PERL BOWER, DOING BUSINESS AS BOWER FREIGHT LINE, WOLBACH, NEBRASKA, FOR AUTHORITY TO OPERATE AS A COMMON CARRIER OF PROPERTY FOR HIRE IN NEBRASKA INTRASTATE COMMERCE. PERL BOWER, DOING BUSINESS AS BOWER FREIGHT LINE, APPELLEE, V. GEORGE AND PERRY M. BUTCHER, DOING BUSINESS AS BUTCHER BROS., ET AL., APPELLANTS.

106 N. W. 2d 689

Filed December 16, 1960. No. 34829.

*Nelson, Harding & Acklie,* for appellants.

*Cyril P. Shaughnessy,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

On August 18, 1959, Perl Bower, doing business as

Bower Freight Line, Wolbach, Nebraska, filed an application with the Nebraska State Railway Commission, hereinafter referred to as the commission, in Application No. M-8784, Supplement No. 1, seeking an order nunc pro tunc with reference to the commission's order of August 14, 1942, in Application No. M-1061, thereby seeking to include authority to serve St. Paul, Nebraska, in the regular route authority granted him by the commission in Application No. M-8784, Supplement No. 1, by an order dated December 28, 1948. The commission granted the relief sought and, by order nunc pro tunc, included both Grand Island and St. Paul as intermediate points on applicant's alternate regular route authority. Appellants, who intervened before the commission and objected to its granting the relief asked for, filed a motion for rehearing and reconsideration with the commission and have perfected this appeal from the overruling thereof.

The principles governing orders nunc pro tunc have been frequently stated by this court. They are as follows:

"If a judgment in fact was rendered, if an order in fact was made, and such judgment or order not recorded, then the court, at any time afterwards, in a proper proceeding and upon a proper showing, is invested with the power to render nunc pro tunc such judgment or make such order." North Loup River P. P. & I. Dist. v. Loup River P. P. Dist., 149 Neb. 823, 32 N. W. 2d 869. See, also, Watson Bros. Transp. Co. v. Red Ball Transf. Co., 159 Neb. 448, 67 N. W. 2d 475; Central West Investment Co. v. Barker Co., 79 Neb. 47, 112 N. W. 291. As stated in 30A Am. Jur., Judgments, § 592, p. 578: "Generally, a court has the authority and duty to amend records of its judgments and have the amendments entered nunc pro tunc, where the record of the judgment is not in accord with that actually pronounced in the cause and rendered."

"The function of a nunc pro tunc order is not to

correct some affirmative action of the court which ought to have been taken, but its purpose is to correct the record which has been made, so that it will truly express the action taken but which through inadvertence or mistake was not truly recorded." Akins v. Chamberlain, 164 Neb. 428, 82 N. W. 2d 632. See, also, Lockard v. Lockard, 169 Neb. 226, 99 N. W. 2d 1; State ex rel. Coulter v. McFarland, 166 Neb. 242, 88 N. W. 2d 892; North Loup River P. P. & I. Dist. v. Loup River P. P. Dist., *supra;* Watson Bros. Transp. Co. v. Red Ball Transf. Co., *supra.*

"A nunc pro tunc judgment must conform to and be no broader in its terms than the one originally rendered." Phelps v. Wolff, 74 Neb. 44, 103 N. W. 1062. See, also, Lockard v. Lockard, *supra;* Watson Bros. Transp. Co. v. Red Ball Transf. Co., *supra;* North Loup River P. P. & I. Dist. v. Loup River P. P. Dist., *supra.*

"The order nunc pro tunc may be supported by the judge's notes, court files, or other entries of record. It may also be based upon other evidence, oral or written, which is sufficient to satisfy the court that the order is required to make the record reflect the truth." Fisher v. Minor, 159 Neb. 247, 66 N. W. 2d 557. See, also, Lockard v. Lockard, *supra;* Watson Bros. Transp. Co. v. Red Ball Transf. Co., *supra.*

"Courts should review or interfere with administrative and legislative action of the Nebraska State Railway Commission only so far as it is necessary to keep it within its jurisdiction and protect legal and constitutional rights." Watson Bros. Transp. Co. v. Red Ball Transf. Co., *supra.* The rule applicable to the foregoing is: "On appeal to the Supreme Court from an order of the Nebraska State Railway Commission, while acting within its jurisdiction, the question for determination is the sufficiency of the evidence to prove that the order is not unreasonable or arbitrary." Watson Bros. Transp. Co. v. Red Ball Transf. Co., *supra.*

The evidence discloses that Andy Nelson, doing busi-

ness as Nelson Freight Line of Wolbach, Nebraska, began hauling property for hire by motor carrier in intrastate commerce sometime in 1928 out of Wolbach, Nebraska. In 1937, the Legislature passed the Motor Carrier Act. Laws 1937, c. 142, p. 526. On December 17, 1937, Andy Nelson, doing business as Nelson Freight Line of Wolbach, Nebraska, was issued a certificate of public convenience and necessity under the so-called grandfather clause thereof for routes over which he was conducting services on April 1, 1936. Laws 1937, c. 142, § 7, p. 531. Route No. 1 of this certificate included St. Paul, Nebraska, as an intermediate point and Route No. 2 included Grand Island, Nebraska, as a terminus.

Route No. 1 of his authority, which permitted Nelson to go from Wolbach to Omaha with his trucks, did not permit him to return directly from Omaha to Wolbach but required him to return through Lincoln, Nebraska. To correct this inconvenient and uneconomical situation Nelson filed a request in writing with the commission on June 10, 1942, for that purpose. That he did so is evidenced by the commission's order of August 14, 1942, although the application itself could not be found. In response thereto the commission gave Nelson the relief he asked for, authorizing him to return from Omaha to Wolbach over the same route he was authorized to use in going from Wolbach to Omaha. However, in describing the authority Nelson was granted therein the commission did not include St. Paul as an intermediate point nor was Grand Island included in the same manner as before. It is this fact which caused the present application to be filed, for that deficiency continued to exist when the commission transferred Nelson's authority to Bower by its orders of June 10, 1948, and December 28, 1948, in Application No. M-8784, and Supplement No. 1 thereto.

In its order of August 14, 1942, the commission found: "* * * that the instant application should be granted;

that authority should be granted to applicant herein authorizing regular-routes operations as herein set forth and that the certificate of public convenience and necessity issued to applicant should be *clarified and corrected to conform to actual operations as conducted continuously from April 1, 1936 to date hereof.*" Based on these findings, it held: "* * * that the certificate of public convenience and necessity issued in Application Nó. M-1061 to Andy Nelson, d/b/a Nelson Freight Line, Wolbach, Nebraska, be, and the same is hereby, clarified and corrected to *conform to actual operations* and that a certificate of public convenience and necessity be, and the same is hereby, issued to applicant herein authorizing the following described operations, to-wit: * * *." (Emphasis ours.)   In describing the authority so authorized the commission failed to include in Nelson's regular route authority, apparently through oversight in preparing the order, St. Paul and Grand Island as intermediate points thereon although the evidence establishes that Nelson actually served both of these cities as such on his regular routes during the period from April 1, 1936, to August 14, 1942, and, we might add, that Nelson and his successor have done so ever since. Under this situation an order nunc pro tunc by the commission, in order to correct this oversight in the commission's order of August 14, 1942, was proper and within the principles hereinbefore set forth.

We shall not trace the transfer of Nelson's authority to that of applicant.  It is apparent that the commission, in doing so, transferred to applicant all of the authority that Nelson had, which would include what has now been fully described by the order nunc pro tunc.  In view of what we have said we affirm the order of the commission.

AFFIRMED.