PIGGOTT JUNIOR CHAMBER OF COMMERCE, INC., *v.*
CHARLEY HOLLIS ET AL

5-4164                                    412 S. W. 2d 595

Opinion delivered March 20, 1967

*C. W. Knauts,* for appellant.

*E. L. Holloway* and *T. A. French,* for appellee.

LYLE BROWN, Justice. Piggott Junior Chamber of Commerce sought, and was denied, an order *nunc pro tunc.* The Chamber sought to establish of record an order allegedly made by the county court in 1964 but which was lost before being recorded. Appellees intervened as taxpayers and persuaded both the county court, and the circuit court on appeal, to deny the Chamber's petition for the order *nunc pro tunc.* The Chamber has appealed.

Appellees urge dismissal of this appeal on technical grounds, and those points can be quickly laid aside. First, the appeal from the county court to the circuit court was timely filed. The time for appeal is governed by Ark. Stat. Ann. § 27-2001 (Repl. 1962), and not by Ark. Stat. Ann. § 17-314 (Repl. 1956). Secondly, the transcript was timely lodged in this court. Judge Light granted "an *additional* sixty days beginning June 8" to lodge the transcript. It was clearly his intent to add sixty days to the statutory ninety days. To interpret it otherwise would shorten the statutory period. Thirdly, appellees urge us to strike Volume II of the transcript. They contend this volume was not filed with, or certified by, the clerk of the circuit court, and bears no filing date by our clerk. It is admitted Volume II is a transcript of the evidence adduced in circuit court. The trial judge certified it and ordered it made a part of the record in the case. It bears our court number identical with the number on Volume I, which volume bears the filing

date. Other endorsements by our clerk show the transcript to be in two volumes and filed on the same date. The facts recited reflect substantial compliance.

This brings us to the single major issue in the case, and that is whether the Chamber of Commerce was entitled to have its petition for an order *nunc pro tunc* granted. The testimony of two witnesses was given, both in county court and circuit court. They were former County Judge Ernest Thomas and Attorney Guy Brinkley. Judge Thomas presided over the county court in 1964 and Attorney Brinkley represented the Chamber at the 1964 hearing. Intervenors, appellees here, were represented at both hearings and cross-examined, but offered no evidence.

The evidence adduced at the hearing in circuit court establishes the pertinent events at the hearing before Judge Thomas. The subject matter was a petition filed by the Chamber pursuant to Ark. Stat. Ann. § 17-313 (Repl. 1956), which sought a lease from the county of certain lands "for educational purposes." When the testimony was concluded, Judge Thomas orally announced his findings to the effect that the petition was granted and the lands would be leased for $1.00 a year for a term of 99 years. Attorney Brinkley was instructed to draw the order and the lease. The court kept no docket and the clerk—if he attended—made no memorandum of the findings. The first precedent for order presented was not satisfactory and Attorney Brinkley redrafted it. A few days after the hearing, the redraft was presented, examined, found satisfactory, and signed by Judge Thomas. He signed it in the office of the county clerk and he is certain he left it on the clerk's desk because that was his custom. The order was never placed of record and was apparently lost. Exhibit "E" was introduced, it being identified by both witnesses as a substantial reproduction of the order signed by Judge Thomas. The source of this carbon copy is not apparent from the record, but it was not attacked and was placed in the record without objection.

In denying the Chamber's position for an order *nunc pro tunc,* the circuit court in nowise questioned the facts just recited. In substance, the court ruled that failure to enter the order voided the proceedings. The formal order makes no mention of the validity or invalidity of the lease, and we are not here concerned with it.

We have many decisions from this court touching on the authority of the courts to enter *nunc pro tunc* orders. One of the earlier cases which has been frequently cited with approval throughout the years is *Bobo, Admr.* v. *State, use, etc.,* 40 Ark. 224 (1882). We cite this case because the fact situation is very similar to the case at hand. In *Bobo,* the State called the defendant's case for trial, and the defendant failed to respond. A bond forfeiture was orally declared. The court made no docket entry and the clerk failed to make an entry in his court minutes. The error was discovered at a subsequent term. The court heard the testimony of the prosecuting attorney and the clerk. Counsel for the bondsmen asked the court to declare the law to be that some entry or memorandum in writing must exist before parol testimony can be introduced to show the nature of the judgment. This court approved the response of the trial court on that point:

'Orders and judgments *nunc pro tunc* may be entered upon proof that such order or judgment was made and not entered, and such fact may be proven by oral evidence or written memoranda like any other fact might be proven.''

The unanimous opinion in *Bobo,* written by Chief Justice English, contains an exhaustive treatise on the subject. The following concise statement of the law also contains facts which are similar to the case at bar:

" 'It is often the case that the Court announces in open court the decision which it has made, without furnishing the clerk with any writing on the subject. Were the latter to make a mistake in en-

tering up the judgment, the injured party would be remediless unless the mistake could be corrected upon the testimony of the Judge who made the decision, and the counsel and others who were present and heard it announced.'

"In this case it was clearly and distinctly proved by the prosecuting attorney and the clerk, who were present, that Etheridge failed to appear at appearance time, when called to answer the criminal charge against him, and that his bail failed to produce him, and that the Court ordered the clerk to enter a forfeiture of his bail bond, which he omitted to do, and there was no evidence to the contrary, and this was satisfactory to the Court, and a *nunc pro tunc* entry of the order of forfeiture was directed. The same Judge who presided when the forfeiture occurred heard the evidence and ordered the *nunc-pro tunc* entry in question to be made.

"Bearing in mind the rule that such an omission in the record should be corrected after the term with caution, and upon satisfactory evidence, the judgment must be affirmed."

The personal recollection of the judge who pronounced the initial finding which granted the order is recognized as having strong probative value. This is particularly true when there is an absence of evidence to the contrary. *Lowe* v. *Hart,* 93 Ark. 548, 125 S. W. 1030 (1910). Also, to the same effect, see *Eiland, et al.* v. *Parkers Chapel Methodist Church,* 222 Ark. 552, 261 S. W. 2d 795 (1953).

Finally, it should be noted that no rights have been vested, in the interim, in third parties who could be prejudiced by the entry of the order at this time.

Reversed and remanded with direction that the order *nunc pro tunc* be entered.