NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

KRISTEN STEGER-GRAHAM, *Petitioner/Appellant*,

*v.*

PAUL GRAHAM, *Respondent/Appellee*.

No. 1 CA-CV 23-0035 FC
FILED 8-29-2023

Appeal from the Superior Court in Maricopa County
No. FC2020-000901
The Honorable Monica Edelstein, Judge

**AFFIRMED**

COUNSEL

State 48 Law Firm, Scottsdale
By Robert Hendricks, Stephen Vincent, Ankita Gupta
*Counsel for Petitioner/Appellant*

Jones, Skelton & Hochuli P.L.C., Phoenix
By Eileen Dennis GilBride
*Co-Counsel for Respondent/Appellee*

Lawrence & Jecmen PLLC, Scottsdale
By Andrea Christine Lawrence
*Co-Counsel for Respondent/Appellee*

---

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Michael S. Catlett joined.

---

**C R U Z**, Judge:

¶1 Kristen Steger-Graham ("Wife") appeals the superior court's order modifying the parties' decree of dissolution of marriage ("Decree") to correct a clerical mistake in the equalization payment to her former husband, Paul Graham ("Husband"). Wife also appeals the order precluding her testimony at the evidentiary hearing. Finally, she appeals the order denying her motion to reconsider, to alter or amend, and for relief from the Decree. We affirm the court's orders and award Husband his attorneys' fees and costs on appeal.

### FACTUAL AND PROCEDURAL HISTORY

¶2 During the parties' divorce proceedings, they hired mediator David Horowitz to assist them in resolving their case. They met with Horowitz several times and ultimately reached a full settlement. They memorialized their settlement in four separate agreements under Arizona Rule of Family Law Procedure ("Rule") 69. The first two agreements addressed child-related issues and are not part of this appeal. The third agreement resolved their real-property issues and required Wife to pay Husband an equalization payment of $278,000. The fourth agreement resolved their remaining financial issues and increased the "total" equalization payment to $360,000. Concerning this total equalization amount, the parties "agree[d] and underst[ood] that this figure includes the $278,000 [Wife] owes [Husband] for the division of the real property."

¶3 Almost immediately after entering into these Rule 69 agreements, the parties began contacting Horowitz about "enforcement/contempt issues," each alleging the other had violated the agreements' terms. They stipulated that Horowitz would arbitrate these claims and that, afterwards, he would submit to the court a proposed decree reflecting their mediated agreements and his arbitration rulings.

¶4 The arbitration took place in early December 2021. A month later, Horowitz discussed the draft decree with counsel during a telephone

call. He confirmed the total equalization payment would be $360,000, which included the equalization of $278,000 "for the houses." He also confirmed he would adjust the total equalization figure based on his arbitration rulings. Before the call ended, he offered counsel the opportunity to review the final draft decree, but both attorneys waived the right to do so. In January 2022, Horowitz lodged and the court signed the proposed decree.

¶5 In February 2022, Husband filed a motion for relief from the Decree. He alleged the Decree contained a clerical error because it ordered Wife to pay him a total equalization payment of $260,000, which was $100,000 less than the amount reflected in their Rule 69 agreements. Wife responded that the figure in the Decree was not a clerical mistake at all, but that even if it was a mistake, it was a non-fixable "judgmental" mistake.

¶6 The attorneys asked Horowitz to review the $100,000 discrepancy. After doing so, Horowitz filed a notice of errata, stating he had made a clerical error with respect to the equalization payment. He also explained he intended to give Wife a credit of $18,000 based on his arbitration rulings but "erroneously deducted the $18,000 . . . from the $278,000 equalization payment for the houses instead of deducting the $18,000 payment from the full amount of the equalization payment of $360,000." He continued, "[t]he correct amount of the equalization payment from [Wife] to [Husband] should be $342,000" instead of the $260,000 as stated in the Decree.

¶7 In November 2022, the superior court held an evidentiary hearing on the sole issue of the equalization payment referenced in the notice of errata. Horowitz appeared voluntarily and testified to the nature of his mistake consistent with his statements in the notice of errata. Horowitz testified that he thought he did the math correctly, but upon investigating the matter to his "horror and humiliation" he realized his error. He also testified that his task was *not* to reconsider the agreed-upon equalization payments, but rather to offset from the total equalization payment any adjustments he considered appropriate due to "either or both of the parties' bad behaviors." In addition to Horowitz' testimony, the court considered the Rule 69 agreements and the audio and video recordings of both the arbitration hearing and the arbitrator's subsequent telephone call with counsel.

¶8 Two weeks later, the superior court issued an under advisement ruling, finding the parties had stipulated in their mediated agreements to the total equalization figure of $360,000. The court further

found the parties had agreed to be bound by the Decree issued by the arbitrator, and it was not inequitable or unjust to correct the Decree as requested in the notice of errata. The court concluded "Horowitz provided sufficient evidence to establish that Paragraph 14 of the [Decree] includes an imputation error resulting in an incorrect final equalization amount." The court amended the Decree's total equalization figure to $342,000. Three months later, the court sua sponte amended the Decree a second time to extend the deadline for Wife's equalization payment.

¶9          Wife timely appeals the superior court's post-decree orders. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1) and (2), except as explained below.

## DISCUSSION

¶10          We review de novo the superior court's decision to apply Rule 85(a) to the facts presented. *See In re $11,660.00 U.S. Currency*, 251 Ariz. 106, 108, ¶ 8 (App. 2021) (applying de novo standard to Arizona Rule of Civil Procedure ("Civil Rule") 60(a), the civil counterpart to Rule 85(a)). We apply an abuse of discretion standard of review to the court's ultimate decision on whether to grant relief under Rule 85(a). *See Clark v. Kreamer*, 243 Ariz. 272, 275, ¶ 10 (App. 2017).

I.          The Decree

          A.          Equalization Payment Provision

¶11          Under Rule 85(a), "[a] court must correct a clerical mistake or a mistake arising from oversight or omission if one is found in a judgment." This rule allows the court to make a correction "on motion or on its own" and contains no deadline. *See* Ariz. R. Fam. Law P. 85(a). When a clerical error is raised, "the family court should examine the record to determine whether the judgment accurately recorded the court's intent" and, if it does not, "the judgment should be corrected." *Vincent v. Shanovich*, 243 Ariz. 269, 271, ¶ 8 (2017).

¶12          The provisions of the Decree addressing the equalization payment are squarely at odds with each other. In Paragraph 14, the Decree orders Wife to pay Husband a total equalization of $260,000, and purports to include and account for the $278,000 she owed him for the division of their real property. Wife offers no reasonable explanation for how the lesser equalization of $260,000 somehow includes the larger equalization of $278,000. Her argument is further belied by Paragraph 10.a., which addresses only the parties' real property. This paragraph orders Wife to

pay Husband an equalization payment of $278,000 "for the houses." It also provides that if she fails to pay him this equalization payment, "the $278,000 shall become a judgment, accruing interest at the judicial rate and any residences necessary shall be immediately listed for sale and sold to satisfy the removal of [Husband] from any mortgage(s) and the payment of $278,000."

¶13    As written, the ambiguity in the Decree cannot be harmonized in a way that is logical without concluding that it contains a clerical mistake. This conclusion is also consistent with our prior decisions in cases involving divorce decrees that contained provisions that directly contradicted each other. *See, e.g.*, *Rozzell v. Rozzell*, 1 CA-CV 08-0470, 2009 WL 350912, at *1, *2, ¶¶ 2, 11 (App. Feb. 12, 2009) (mem. decision) (decree contained a clerical error because it ordered husband to pay $2,000 in spousal maintenance, whereas the child support worksheet credited the husband with a $3,000 spousal maintenance obligation); *see also Buchholz v. Odom*, 1 CA-CV 10-0316, 2011 WL 1867301, at *1, ¶ 6 (App. May 10, 2011) (mem. decision) (decree contained a clerical error because it awarded a property to "husband or wife").

### B.    Clerical Mistake

¶14    Wife argues that the mistake in the total equalization payment is not a clerical mistake, but a non-fixable "judgmental" mistake. Although Rule 85 mandates that the court must correct clerical mistakes or those arising from oversight or omission, the rule does not apply to "judgmental" errors. *Vincent*, 243 Ariz. at 271, ¶ 8. "A judgmental error occurs when the court's decision is accurately set forth but is legally incorrect." *Id.* Put differently, Rule 85(a) does not permit the court to change "a judgment . . . which was entered as the court intended." *Ace Auto. Prod., Inc. v. Van Duyne*, 156 Ariz. 140, 142-43 (App. 1987).

¶15    Wife asserts the error in the Decree is judgmental because the Decree was entered "as the court intended." She asserts "the Arbitrator's intent is of only fleeting relevance here," and "[i]t is the trial judge's intent that matters here." She relies on *Ace Automotive Products, Inc.*, where we affirmed the superior court's finding that there was no clerical error in the judgment because even if the figure in the judgment was incorrect, the court had intended to enter the judgment as written. *Id.* at 143; *see also Minjares v. State*, 223 Ariz. 54, 60, ¶¶ 24-26 (App. 2009).

¶16    Wife's argument, however, takes an unrealistically narrow approach to the question of intent. It was the arbitrator who drafted the

proposed decree and presented it to the court. The court acted reasonably by assuming that this decree accurately reflected the arbitrator's intent, based on the parties' prior agreements and the arbitrator's assessment of any adjustments he determined were appropriate regarding the enforcement dispute. But the arbitrator's testimony at the evidentiary hearing was that he mistakenly deducted $18,000 from the $278,000 housing equalization payment instead of making that deduction from the global equalization payment that the parties had agreed to, which was $360,000. The arbitrator's testimony reflects the mistake was clerical. *See Vincent*, 243 Ariz. at 271, ¶ 8.

### C. Evidentiary Hearing

¶17 Wife claims that the superior court erred by going on a "fact finding operation" because the court was not permitted to seek out new facts to correct a clerical mistake. A Rule 85(a) motion, however, triggers the superior court's fact-finding function, requiring it to determine whether there was a clerical mistake. *Vincent*, 243 Ariz. at 271, ¶ 8 (superior court should examine the record to determine if the decree reflects the court's intent); *Crye v. Edwards*, 178 Ariz. 327, 329 (App. 1993) (The superior court "must generally engage in factfinding to determine whether to grant relief under [Civil] Rule 60(a)."). Although courts are not required to hold an evidentiary hearing on a Rule 85(a) motion, they often do so when there is insufficient evidence in the record to resolve the matter. *See, e.g.*, *Buchholz*, 1 CA-CV 10-0316, at *1, ¶ 5; *DeForest v. DeForest*, 143 Ariz. 627, 631-32 (App. 1985); *Rae v. Brunswick Tire Corp.*, 45 Ariz. 135, 139 (1935). The superior court did not err in holding an evidentiary hearing to determine whether the figures it approved in the Decree were based on a clerical mistake.

¶18 Wife next asserts that the superior court erred by considering testimony and evidence outside of what was in the record at the time the court entered the Decree. But when considering clerical mistakes, Arizona courts consider extrinsic evidence, including the testimony of judicial officers. *See, e.g.*, *Rozzell*, 1 CA CV 08-0470, at *1, ¶ 4 (affirming lower court's order to amend a decree "based on a clear recollection of [the] case, as well as the court's review of its draft decree") (internal quotation marks omitted); *see also DeForest*, 143 Ariz. at 631-32 ("[T]he testimony [and notes] of the trial judge who presided at the [prior] hearing . . . [are] probative evidence of the fact of rendition and the terms of the judgment . . . ."); *State v. Johnson*, 113 Ariz. 506, 508-09 (1976) (affirming the lower court's entry of judgment nunc pro tunc based on a different judge's minute entry statement that he had intended to dismiss the criminal matter "without prejudice"); *Rae*, 45 Ariz. at 139 (The lower court was justified in relying on

the court clerk's testimony to correct a minute entry order to show the matter was "dismissed without prejudice.") (internal quotation marks omitted); *Anderson v. State*, 54 Ariz. 387, 394 (1939) (affirming the lower court's reliance on a judge's testimony for the purpose of determining whether a juror was competent). "An arbitrator is empowered to hear and decide disputes by the mutual assent of parties who voluntarily agree to arbitrate a defined universe of disputes." *The Spaulding LLC v. Miller*, 250 Ariz. 383, 384, ¶ 2 (App. 2020). A judge of the Arizona superior court, on the other hand, is an officer elected by the citizenry or appointed by the governor who enjoys original jurisdiction over divorce matters. Ariz. Const. art. 6, §§ 12, 14(9). It follows, then, that if a judge may, in limited circumstances, be called to give testimony regarding the terms of her judgment, an arbitrator may be similarly called to testify.

¶19        Wife further argues that, even if extrinsic evidence were permissible, the superior court erred by taking testimony from Horowitz to determine that there was a clerical error. Citing *In re Marriage of Zale*, 193 Ariz. 246 (1999), she asserts a judgment should never "be overthrown or limited by the oral testimony of a judge or juror of what he had in mind at the time of the decision." *Id.* at 249, ¶ 11 (quoting *Fayerweather v. Ritch*, 195 U.S. 276, 307 (1904)). But the limitation in *Zale*—which held that the parol evidence rule does not apply to a judgment—does not apply when the superior court utilizes a rule of procedure authorizing it to fix a mistake in a judgment. *See Zale*, 193 Ariz. at 248, ¶ 7. Indeed, *Zale* excludes from its holding cases "to correct clerical and other mistakes in a judgment" under Civil Rule 60. *See Zale*, 193 Ariz. at 249, ¶ 11 n.1 ("Ariz. R. Civ. P. 60 is available to correct clerical and other mistakes in a judgment, as well as to provide other relief."). The cases *Zale* relies on for its holding, *Hyden v. Law Firm of McCormick, Forbes, Caraway & Tabor*, 848 P.2d 1086 (N.M. Ct. App. 1993), and *People v. Tippett*, 733 P.2d 1183 (Colo. 1987), also do not involve clerical errors. *See* 193 Ariz. at 250, ¶ 14.

¶20        We recognize that there are good policy reasons for prohibiting arbitrators or judges from testifying. *See, e.g.*, *Phillips v. Clancy*, 152 Ariz. 415, 421 (App. 1986) ("Public policy considerations militate against the trial judge testifying as an expert witness in litigation involving parties who previously appeared before him.") (citation omitted); *see also State v. Miller*, 128 Ariz. 112, 118 (App. 1980) (reasoning that the court should weigh seriously whether to allow testimony of a judge). But those policy considerations do not apply in this case because the arbitrator brought his clerical mistake to the superior court's attention by filing the notice of errata and appeared voluntarily to testify regarding his mistake. Moreover, the court relied on Horowitz' testimony to determine whether

he made a clerical mistake, not to interpret or impeach the Decree.  *See* 6 C.J.S. Arbitration § 240 (May 2023 Update) ("The testimony of arbitrators is generally admissible to prove any matter in connection with the arbitration that can be proved by other parol evidence . . . [but arbitrators] may not testify for the purpose of impeaching or interpreting their award.").

¶21        We conclude that the superior court did not err by amending the Decree to correct the arbitrator's clerical mistake.  Because we affirm the court's order under Rule 85(a), we do not address the parties' arguments regarding Rule 85(b).

II.    Due Process

¶22        Wife claims the superior court denied her due process because it did not allow her to testify at the evidentiary hearing on the notice of errata.  Due process, however, does not require the court to allow a party to present irrelevant evidence.  *See State v. Paxson*, 203 Ariz. 38, 41, ¶ 13 (App. 2002); *see also* Ariz. R. Evid. 611(a)(2).  We will affirm the court's rulings on the exclusion of evidence absent a clear abuse of discretion. *Belliard v. Becker*, 216 Ariz. 356, 358, ¶ 13 (App. 2007).

¶23        At the evidentiary hearing, Wife began to testify about her compliance with provisions of the Decree that were unrelated to the notice of errata.  Husband objected to her testimony on the ground that it was irrelevant, and the court sustained the objection.  The court explained to counsel that it had set the hearing solely on the issue of the notice of errata and that it was not the proper time to litigate enforcement claims.  The court further explained to Wife that her claims were not waived, and that she would have the opportunity to bring those claims before the court in the future if she decided to do so.  Wife's attorney responded,

> So if the Court doesn't need any further information to review those two equitable claims [regarding unjust enrichment and unclean hands], I certainly won't waste the Court's time.

Because Wife conceded that her testimony was unnecessary, she has waived appellate review of the court's order excluding her testimony.  *See State v. Totress*, 107 Ariz. 18, 20 (1971) ("It is a fundamental rule of appellate procedure in Arizona that the trial court must be given an opportunity to correct the errors at trial, and where no such claim of error was made-at the trial court level-the claim is waived.").

III.     Wife's Post-Decree Motion

¶24        Wife argues that the superior court abused its discretion by denying her motion to reconsider, to alter or amend, and for relief from the Decree. Her motion requested the court modify the Decree's child support, property-distribution, and equalization-payment orders.

¶25        The superior court entered the Decree in January 2022. Wife filed her motion in February 2022. The court denied Wife's motion by minute entry order in March 2022. In its order, the court also denied "any affirmative relief sought before the date of this order that is not expressly granted above," and it certified the orders as final under Rule 78(c). Under ARCAP 9(a), a party must file a notice of appeal within thirty days after the court enters the judgment they seek to appeal. Wife, however, did not file her notice of appeal until December 12, 2022, nine months after the court's final order denying her motion. Because Wife's notice of appeal is untimely, we lack jurisdiction to review the denial of her February 2022 motion. *See James v. State*, 215 Ariz. 182, 185, ¶ 11 (App. 2007) (failure to file a notice within thirty days deprives the appellate court of jurisdiction).

¶26        Even if we had jurisdiction, we see no merit to this argument. We review the court's denial of post-decree motions under Rules 35.1, 83(a), and 85(b) for an abuse of discretion. *See, e.g.*, *Tilley v. Delci*, 220 Ariz. 233, 238, ¶ 16 (App. 2009) (denial of motions for reconsideration); *Clark*, 243 Ariz. at 275, ¶ 10 (denial of Rule 85 motions); *Stock v. Stock*, 250 Ariz. 352, 354, ¶ 5 (App. 2020) (denial of motions to alter or amend). We will affirm the court's ruling for any reason supported by the record. *Pettit v. Pettit*, 218 Ariz. 529, 531, ¶ 4 (App. 2008).

¶27        Wife contends the superior court erred by refusing to even consider her motion. She asserts that the court was wrong when it wrote that it had "accepted the parties' agreements as written and submitted in the [Decree] and will not consider modifications or amendments to the Decree now, as the Court did not issue the orders therein." We disagree. The parties had already entered into Rule 69 agreements resolving all the issues in their divorce case. The court had merged their agreements into the Decree. Once the court adopted these agreements, it lost its ability to modify or reject them. *See Engstrom v. McCarthy*, 243 Ariz. 469, 472, ¶ 9 (App. 2018) ("Although courts can, in the first instance, reject a Rule 69 agreement, neither the statute nor the rule vest courts with discretion to modify an agreement the court has adopted.").

¶28 Wife nevertheless argues that the superior court did in fact have the authority to "clarify" or "modify" the Decree under Rules 67.2, 85(a), and 91. She makes the same argument based on A.R.S. §§ 25-327 and -411. But she did not raise these arguments in her motion, nor did she file a petition for post-decree modification of child support or legal decision-making under A.R.S. §§ 25-327 or -411. And although she did cite Rule 83(a)(1)(G) in her motion with regards to modifying the child support orders, she did not allege any uncontested facts in her motion that would have supported amending the Decree under this rule. *See* Ariz. R. Fam. Law. P. 83(a)(1)(G) (permitting the court to alter or amend a judgment if there are "mistakenly overlooked or misapplied uncontested facts, including mathematical errors, which were necessary to the ruling").

¶29 Based on this record, the court did not abuse its discretion in denying her motion.

IV. Wife's Remaining Claims

¶30 Wife's opening brief also raises several cursory arguments, which do not require reversal. She contends, for instance, that the superior court erred by not granting her motion to strike Husband's second motion for relief under Rule 85(a). Wife also asserts that the court erred by referring to the Decree as a "consent decree" in its November 2022 under advisement ruling. She further asserts it was error for the court to find the parties had agreed to be bound by the arbitrator's rulings and had waived their right to review the terms of the Decree. Wife fails to develop these arguments in her opening brief or show why they would justify reversal. Accordingly, we conclude she has waived these issues, and we do not address them on their merits. *See* ARCAP 13(a)(7)(A); *see also Polanco v. Indus. Comm'n*, 214 Ariz. 489, 491, ¶ 6 n.2 (App. 2007) (an appellant's failure to develop and support an argument waives the issue on appeal).

**CONCLUSION**

¶31        For the foregoing reasons, we affirm the superior court's orders amending the Decree to correct the arbitrator's clerical mistake; precluding Wife's irrelevant testimony at the evidentiary hearing; and denying her motion to reconsider, to alter or amend, and for relief from the Decree. Husband requests his attorneys' fees on appeal under A.R.S. § 25-324(A). We have considered the relative financial resources of the parties and the reasonableness of the positions they asserted on appeal. *See id.* In the exercise of our discretion, we award Husband his reasonable attorneys' fees and costs on appeal, upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA