■ ERICA JAYSON, as Administratrix of the Estate of ROBERT S. JAYSON, Deceased, Appellant, v HAZEL W. JAYSON, Respondent.—In a matrimonial action in which, after a trial, Special Term directed that a judgment of divorce be entered in favor of the respondent wife, and in which the husband has since died, the appeal is from an order of the Supreme Court, Nassau County, entered October 27, 1975, which denied appellant's motion to permit the entry of a judgment of divorce *nunc pro tunc* as of May 23, 1974. Order reversed, on the law and in the interest of justice, with $50 costs and disbursements, and motion granted. The findings of fact are affirmed. In this matrimonial action, Special Term, on May 23, 1974, upon the uncontested withdrawal of the decedent's complaint, and after a trial, granted a divorce to respondent, Hazel Wooldridge Jayson, on her counterclaim. Although directed to do so, neither party submitted proposed findings of fact or a decree of divorce. The defendant husband committed suicide on

June 12, 1974. Appellant, the first wife of the decedent and the administratrix of his estate, has moved on behalf of the decedent's surviving children to have the judgment of divorce between respondent, the second wife, and the decedent, entered *nunc pro tunc.* Appellant contends that respondent should not be able to claim Social Security benefits as the decedent's surviving wife, since to do so would result in an inequitable diminution of the benefits currently received by the surviving children of the first marriage. Under *Cornell v Cornell* (7 NY2d 164), a judgment can be entered *nunc pro tunc* in a divorce action after the death of one of the parties, if such party was entitled to have had judgment entered while both parties were living. Appellant, as the decedent's personal representative, is a proper party to bring this proceeding since no formal substitution of parties is necessary (see CPLR 5016, subd [d]). No vested rights of either party will be impaired by the entry of judgment *nunc pro tunc.* The entry of the judgment of divorce is a mere formality or ministerial act (see *Cornell v Cornell, supra).* Cohalan, Acting P. J., Margett, Damiani, Shapiro and Titone, JJ., concur. [83 Misc 2d 417.]