■ DONNA M. HANDZEL et al., Appellants, v EVELYN HANDZEL, Respondent.—Appeal (1) from an order of the Supreme Court at Special Term, entered November 8, 1976 in Broome County, which denied plaintiffs' motion for summary judgment and declared that defendant Evelyn Handzel is the widow of Robert A. Handzel, and (2) from the judgment entered

thereon. The plaintiffs in this action are the children of the now deceased Robert Handzel. In 1969, after the plaintiffs' parents had been divorced, their father married the defendant Evelyn Handzel. Thereafter, defendant instituted a divorce action against Robert Handzel. The divorce decree, which was signed on May 27, 1976, expressly provided that "this judgment shall take effect upon filing with the county clerk". However, on June 2, 1976 at approximately 10:00 A.M. Robert Handzel was found dead in bed in a motel room at the Campus Motel in Vestal, New York. On the same day, at 3:00 P.M., the attorney for the defendant entered and filed the judgment of divorce in the Broome County clerk's office. Plaintiffs commenced an action for declaratory judgment on June 19 seeking a declaration that Evelyn Handzel is not the lawful widow of Robert A. Handzel. There are no issues of fact in the present case. While Special Term relied upon the decision in *Jayson v Jayson* (83 Misc 2d 417), the Second Department has recently reversed that decision (54 AD2d 687) and we agree with the findings therein that under the circumstances of this case the judgment is generally final as of the time the court signs it and not when it is entered. The language in the present judgment which would indicate a lack of finality until entered in the clerk's office is of no substantial consequence since it could have been entered by *either* party and, thus, was not a withholding of judgment from the decedent. The plaintiffs should have been granted summary judgment as a matter of law. Order and judgment reversed, on the law, with costs; plaintiffs' motion granted and judgment directed to be entered declaring that the defendant is not the lawful widow of Robert A. Handzel, deceased. Sweeney, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.