628 P.2d 995

**In re the Marriage of Clarence Edward ALLEN, Jr., Petitioner-Appellant,**

v.

**Naomi Louise ALLEN, Respondent-Appellee.**

**No. 1 CA–CIV 4955.**

Court of Appeals of Arizona, Division 1, Department C.

May 14, 1981.

Law Offices of Robert A. Chard by Robert A. Chard, Phoenix, for petitioner-appellant.

Gary B. Larson, Mesa, for respondent-appellee.

## OPINION

WREN, Chief Judge.

The sole issue in this appeal is whether the death of the husband, following the trial court's oral order of dissolution in a divorce action, deprived the court of jurisdiction to enter a signed formal judgment *nunc pro tunc*. The trial court found that it lacked jurisdiction. We reverse.

On May 3, 1978, Clarence Edward Allen, Jr., filed a petition for dissolution of his marriage to Naomi Louise Allen. This matter was heard on stipulation of the parties as an uncontested dissolution of marriage proceeding on November 29, 1978. The minute entry for that day reflects the court's findings and orders dissolving the marriage, denying spousal maintenance, and distributing property. The minute entry also contains the court's order that Gary B. Larson, the attorney for Naomi Allen, prepare a formal written judgment consistent with the court orders and submit it to petitioner's attorney, Robert A. Chard, for approval as to form prior to presentation to the court for signature. Mr. Chard received a copy of the formal decree from Mr. Larson on December 18, 1978. On the following day, Mr. Chard sent a copy of the decree to his client. However, Mr. Allen and his fiancee, Candyce D. Hertz had al-ready left for the City of Flagstaff on December 18, 1978 to cut a Christmas tree. On December 24, 1978, both Allen and Ms. Hertz were found dead, having apparently frozen to death.

After approving the form of the judgment, Mr. Chard presented the formal judgment to the court for signature and entry. The trial court ruled declining to sign the decree on January 15, 1979, and on March 1, 1979 the case was ordered dismissed without leave to reinstate. In response to petitioner's motion to vacate the order of dismissal and motion for rehearing, the court again denied the motion on the basis that there was no authority for the court to sign and file the decree because of the death of Mr. Allen.

The effect of the death of a party to a divorce action has been the subject of substantial litigation. Most jurisdictions have adopted the position that since death terminates the marital status upon which to base a divorce decree, the action necessarily terminates. *See generally, Annot.*: "Effect of death of party to divorce or annulment suit before final decree", 158 A.L.R. 1205. However, jurisdictions have reached different conclusions with respect to the propriety of entering a final decree *nunc pro tunc* where the party's death has occurred *after* the court has made final orders but before these orders are entered as a formal judgment. *Compare, e. g., Tiedman v. Tiedman,* 400 Mich. 571, 255 N.W.2d 632 (1977) with *Austin v. Austin,* 553 S.W.2d 9 (Tex.Civ. App.1977).

Arizona courts have not dealt with this precise issue,[1] but there are two relevant provisions in the Arizona Revised Statutes. 16 A.R.S. Rules of Civil Procedure, rule 54(e) provides:

> Judgment may be entered after the death of a party upon a verdict or decision upon an issue of fact rendered in his lifetime.

Additionally judgments *nunc pro tunc* are provided for in 16 A.R.S. Rules of Civil Procedure, rule 58(a), which states in part:

---

1. This issue was addressed in *Black v. Industrial Commission*, 83 Ariz. 121, 317 P.2d 553 (1957). However for reasons subsequently dis- cussed in this opinion, we do not believe *Black* is controlling on this point.

All judgments shall be in writing and signed by a judge or a court commissioner duly authorized to do so. The filing with the clerk of the judgment constitutes entry of such judgment, and the judgment is not effective before such entry, except that in such circumstances and on such notice as justice may require, the court may direct the entry of judgment nunc pro tunc, and the reasons for such direction shall be entered of record.

That portion of rule 58(a) providing for entry of judgment *nunc pro tunc* was adopted by amendment effective June 1, 1970. The state bar committee notes following the rule explain the amendment as follows:

> *Black v. Industrial Commissions* [sic], 83 Ariz. 121, 317 P.2d 553 (1957) has been viewed by some as prohibiting the entry of an order or judgment nunc pro tunc in Arizona. The purpose of the amendment is to reject the basis for that view and to adopt the rationale of the dissenting opinion of Justice Struckmeyer in that case.

In determining the applicability of rules 54(e) and 58(a) to the instant case, it is instructive to review the rationale contained in Justice Struckmeyer's dissenting opinion. In *Black*, the majority had ruled that a minute entry reading, "Order for decree of divorce for plaintiff against defendant" did not support entry of a *nunc pro tunc* decree. In dissent, Justice Struckmeyer stated:

> I can find no dissent to the proposition that where a judgment has actually been rendered and that rendition is reflected in the record of the court, the judgment may be entered nunc pro tunc if the delay is not occasioned by the party applying. [citations omitted] ... In the instant case, the basis of the order directing the entry of judgment nunc pro tunc is the minute entry of the Clerk of Court dated July 12, 1943. This minute entry was recited in the judgment. No more competent evidence of rendition of judgment can be required. 83 Ariz. at 131–132, 317 P.2d at 560.

Following the 1970 amendment to rule 58(a), the Arizona Supreme Court upheld the entry of divorce decrees *nunc pro tunc* and overruled *Black* in *Estate of Hash v. Henderson,* 109 Ariz. 174, 507 P.2d 99 (1973). However, unlike the instant case, in *Hash* the decrees had been signed by a judge but had not been filed. The opinion in *Hash* expresses no concern with whether judgments had in fact been rendered; nor does it discuss the applicability of rule 54(e) to the decrees in question.

In our opinion, the resolution of this appeal depends upon whether the record demonstrates that there has been a "verdict or decision upon an issue of fact rendered in [appellant's] lifetime", rule 54(e), so as to give the superior court jurisdiction to exercise its discretion whether to enter a judgment *nunc pro tunc.*

There is a substantial body of law pointing out the distinction between the rendition of judgment and the entry or filing of judgment.[2] In Arizona this distinction has been described as follows:

> The rendition of a judgment is the act of the court in pronouncing its judgment, and differs from the entry or filing of the judgment in that the former act is the declaration of the court from the bench announcing its decision, while the entry is the act of the clerk in writing it upon the records of the court.... rendition is generally, if not always, an oral act by the court from the bench, ... *American Surety Co. v. Mosher,* 48 Ariz. 552, 561–562, 64 P.2d 1025, 1029 (1936).

*See also Kinnison v. Superior Court,* 46 Ariz. 133, 46 P.2d 1087 (1935); *Moulton v. Smith,* 23 Ariz. 319, 203 P. 562 (1922).

In *Fridena v. Maricopa County,* 18 Ariz. App. 527, 504 P.2d 58 (1972), this court held that the proper method of showing the time of the rendition of the judgment is the minute entry which reflects the oral rendition. A minute entry was also held to be a rendition of judgment in *Staffco, Inc. v.*

2. A summary of many of these authorities is contained in Justice Struckmeyer's dissenting opinion in *Black,* 83 Ariz. at 128–130, 317 P.2d at 557–559.

*Maricopa County Trading Company*, 122 Ariz. 353, 595 P.2d 31 (1979).

■ The record before this court contains a minute entry judgment of November 29, 1978. In reviewing this minute entry we are guided by the common law principle that in order to constitute a rendition of judgment, the pronouncement must demonstrate a present intent to judge, and constitute an adjudication of the matter. *See 6A Moore's Federal Practice*, ¶ 58.02 at 58–53 (2d Ed. 1979). Reviewing the minute entry with this principle in mind, we note that it makes findings of fact and contains definite orders that are not contingent upon any prospective occurrence. Although the transcript of the hearing on appellant's motion to vacate order of dismissal and motion for reconsideration indicates that the court had cautioned the parties that they were not divorced until entry of judgment, we do not regard this as making the rendition of judgment conditional. Rather, the court was properly instructing the parties of the effective date of judgment. "[T]he effective date of the judgment has no bearing on the question on whether there has been in fact an adjudication of the controversy, a judgment pronounced." *Black v. Industrial Commission, supra*, 83 Ariz. at 130, 317 P.2d at 559. Our conclusion that the minute entry was not conditioned upon a future event is supported by the comments of the court at the hearing:

MR. CHARD: * * *

> We are in the same position with the Court. We certainly take the position the Court could have entered this decree before his death, had the decree been prepared earlier.

THE COURT: Had it been prepared and presented to the Court, approved as to form, it would have been signed the same day it was presented to the Court.... R.T., April 17, 1979 page 4.

■ We therefore believe that a rendition of judgment occurred on November 29, 1978 and that, pursuant to rules 54(e) and 58(a), the trial court had jurisdiction to enter judgment *nunc pro tunc* following the death of Clarence Edward Allen, Jr.

Although not controlling in this matter, we note that several jurisdictions have upheld the entry of divorce decrees *nunc pro tunc* based upon the determination that prior minute entries or oral pronouncements of the court constitute a rendition of judgment. *See Parker v. Parker*, 128 N.J.Super. 230, 319 A.2d 750 (1974); *Jayson v. Jayson*, 54 A.D.2d 687, 387 N.Y.S.2d 274 (1976); *Dunn v. Dunn*, 439 S.W.2d 830 (Tex.1969); *Austin v. Austin, supra; Becker v. King*, 307 So.2d 855 (Fla.App.1975). But compare *Tiedman v. Tiedman, supra*.

We do not decide whether the trial court should enter judgment *nunc pro tunc* in this matter but only that the court has jurisdiction to do so pursuant to rules 54(e) and 58(a). The state bar committee notes to rule 58(a) provide,

> The amendment does not specify the conditions, circumstances and effects involving the entry of a judgment or order *nunc pro tunc*. These are best determined by reference to the considerable body of law on the subject.

This statement in conjunction with the committee's intent to incorporate the rationale contained in Justice Struckmeyer's dissenting opinion in *Black*, indicate one of the factors to be considered by the trial court in exercising its discretion is whether delay has been occasioned by the party applying for entry of the judgment.

The judgment is reversed and remanded for proceedings consistent with this opinion.

O'CONNOR, P. J., and JACOBSON, J., concur.