703 P.2d 531

Donna MALOTT, Petitioner/Appellee,

v.

Rickey MALOTT,
Respondent/Appellant.

No. 2 CA–CIV 5179.

Court of Appeals of Arizona,
Division 2.

April 2, 1985.

Scott MacMillan Baker, Tucson, for petitioner/appellee.

Johnston & Grynkewich by Gary S. Grynkewich, Tucson, for respondent/appellant.

## OPINION

HATHAWAY, Judge.

Appellee, Donna Malott, petitioned in Pima County Superior Court for dissolution of marriage on November 14, 1983. Appellant, Rickey Malott, answered and counterclaimed on December 5, 1983, praying that the marriage be annulled as opposed to dissolved. Thereafter, on December 12, 1983, appellant filed a motion for partial dismissal requesting that those portions of appellee's pleadings seeking a dissolution of the marriage be dismissed. Appellee opposed the partial motion to dismiss on December 22, 1983, and it was denied on January 5, 1984, by Judge Fenton. These activities all transpired in Pima County Superior Court in cause number D–048392. Prior to the denial of the partial motion to dismiss by Judge Fenton but subsequent to appellant's prayer for annulment instead of dissolution, appellee on December 27, 1983, sought to amend the 1979 dissolution decree (cause number D–25490).

Subsequently, on February 8, 1984, appellee sought and received from Court Commissioner Gordon S. Kipps an amended decree of dissolution in Pima County cause number D–25490, wherein she was the petitioner, at the time Donna Hadley, and David Hadley was the respondent. The superior court modified the decree of dissolution which had been entered on August

10, 1979, to give it nunc pro tunc effect from August 3, 1979. Appellant was permitted to intervene in superior court cause number D–25490, and filed a motion to set aside the amended decree of dissolution, which was denied.

The court granted appellee's motion to dismiss respondent's counterclaim in cause number D–048392, and pursuant to stipulation of the parties gave said dismissal Rule 54(b), Rules of Civil Procedure, 16 A.R.S., effect. Causes D–048392 and D–25490 were consolidated for this appeal.

The primary issue on this appeal concerns whether the superior court erred in amending the decree of dissolution dated and filed August 10, 1979, to give it nunc pro tunc effect as of August 3, 1979, and then in denying appellant's motion under Rule 60(c), Rules of Civil Procedure, 16 A.R.S., to have the amended decree set aside.

The August 3, 1979, minute entry disclosed:

"Donna Hadley is sworn, examined and questioned by the Court.

THE COURT FINDS that the marriage is irretrievably broken.

THE COURT FURTHER FINDS that there is a minor child born to the petitioner, Jason Daniels, whose date of birth is September 20, 1971.

IT IS ORDERED that the care, custody and control of the minor child be and it hereby is awarded to the petitioner. The Court did not make an order concerning the matter of child support at this time because the Court lacked in personam jurisdiction.

Mr. Nefstead was directed to prepare an appropriate order for the Court's signature."

■ We believe that the minute entry demonstrates a present intent to judge, and constitutes an adjudication of the dissolution of the marriage. All that remained to be done was the preparation of the decree and the court's signature formalizing the dissolution. Under *Estate of Hash v. Henderson*, 109 Ariz. 174, 507 P.2d 99 (1973),

and *Allen v. Allen*, 129 Ariz. 112, 628 P.2d 995 (App.1981), we affirm the trial court's amending the decree of dissolution dated and filed August 10, 1979, to give it nunc pro tunc effect as of August 3, 1979. Acting in equity the court properly allowed the removal of the technical impediment to the marriage which had been previously overlooked. *Estate of Hash*, supra. Accordingly, the court's denial of appellant's motion to have the amended decree set aside, its denial of appellant's motion for partial dismissal and its granting appellee's motion to dismiss the counterclaim on the basis that as of the time the appellant and the appellee were married the previous marriage of appellee had been dissolved, were correct.

■ Nor do we find any offense to Rule 60(c) in appellee's motion to amend the 1979 divorce decree. The court commissioner merely substituted a 1984 decree for the 1979 one, thereby vacating the earlier decree and putting into effect a new one, entered nunc pro tunc to the date of rendition of judgment, August 3, 1979. All relevant motions and pleadings had been filed prior to the "amendment" of the earlier divorce decree in February 1984, including the verified complaint of appellee that she was married to Rickey Malott on August 3, 1979, and that there was one minor child of that union, a daughter, age 3. In addition, a child from the previous marriage, for whom it was alleged insufficient property existed to support, is mentioned. Sufficient information was available in this verified complaint for a court commissioner to reasonably decide, acting in equity, that a prior judgment should be vacated and a new judgment substituted nunc pro tunc. The court could have determined that, on balance, Rickey Malott's interest in escaping accountability for spousal maintenance or community property through an annulment was outweighed by removing any taint of bigamy and bastardy from the mother and child, respectively.

Affirmed with costs and attorneys fees to appellee.

BIRDSALL, C.J., and HOWARD, J., concur.