■ PAUL JANCU, Respondent, v RITA JANCU, Appellant. [660 NYS2d 10] —Order, Supreme Court, New York County (David

Saxe, J.), entered September 13, 1996, which, *inter alia*, granted plaintiff's motion and authorized the sale of the parties' Ventnor, New Jersey, properties, unanimously reversed, on the law, without costs or disbursements, and the motion denied.

As we have had occasion to note on the two prior occasions when this case was before us (174 AD2d 428; 224 AD2d 229), absent the termination of the marital relationship by judgment of divorce, amendment, separation or declaration of nullity, courts do not have the authority to direct, pendente lite, the sale of property owned by the parties as tenants by the entirety. (*Kahn v Kahn*, 43 NY2d 203; *Stewart v Stewart*, 118 AD2d 455.) This is so despite a changed circumstance, i.e., the IAS Court's finding, after the fault phase of the action, that plaintiff was entitled to a divorce. Entry of the judgment, however, has been held in abeyance pending resolution of the financial issues. Any so-called exception to the rule (*see, e.g.*, *Cornell v Cornell*, 7 NY2d 164; *Van Pelt v Van Pelt*, 172 AD2d 659; *Jayson v Jayson*, 54 AD2d 687), as argued by plaintiff, is not applicable in the circumstances presented.

The IAS Court was not without a remedy to accomodate a sale. It could have, for instance, directed the entry of an interlocutory judgment of divorce. Concur—Sullivan, J. P.; Rosenberger, Wallach, Rubin and Tom, JJ.