972 P.2d 1034

**Linda VAN EMMERIK, Petitioner,**

v.

**The Honorable Robert A. COLOSI, Judge of the Superior Court of the State of Arizona in and for the County of Maricopa, Respondent,**

**Paul M. Shapiro, as Personal Representative of the Estate of Jerry Lee Todd, Deceased, and Kathy Jo Todd, Real Parties in Interest.**

No. 1 CA-SA 98-0213.

Court of Appeals of Arizona, Division 1, Department E.

Aug. 27, 1998.

Reconsideration Denied Sept. 22, 1998.

Review Denied Feb. 25, 1999.

Brian K. Stanley, Chandler, Attorney for Petitioner.

Mead & Associates by Terrance C. Mead, Ruby Sitea, Glendale, for Real Party in Interest Kathy Jo Todd.

EHRLICH, Judge.

¶ 1 This petition for special action presents the issue whether an action for the dissolution of a marriage must be dismissed when one of the spouses dies before any order is entered, other than one for a preliminary injunction. For the reasons given below, we accept jurisdiction and grant relief, holding that an action for the dissolution of a marriage abates with the death of one of the spouses.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Jerry Lee Todd petitioned for dissolution of his marriage to Kathy Jo Todd (Maricopa County Superior Court Cause No. DR 97–17899). A preliminary injunction against each party became effective upon service of the documents. ARIZ.REV.STAT. ANN. ("A.R.S.") § 25–315(A)(4). It is alleged that, despite the injunction against him, Mr. Todd then transferred a significant amount of property to Linda Van Emmerik.

¶ 3 Mr. Todd died shortly thereafter, and Paul M. Shapiro was appointed personal representative of Mr. Todd's estate. Ms. Van Emmerik is residuary legatee. Mr. Shapiro immediately filed a petition of probate (Maricopa County Superior Court Cause No. PB 98–00101). The dissolution and probate actions subsequently were consolidated.

¶ 4 Although the superior court judge hearing the dissolution action, Judge *Pro Tempore* Anderson, was notified of Mr. Todd's death, he proceeded with a hearing on an order to show cause in the dissolution action. In the belief that jurisdiction continued, the judge denied a motion to dismiss. The action then was transferred to Judge *Pro Tempore* Colosi, who continued the dissolution action but substituted Mr. Shapiro, in Mr. Shapiro's capacity as personal representative of Mr. Todd's estate, for the late Mr. Todd.

¶ 5 Van Emmerik then petitioned this court for special action. She alleges that her residuary estate is being dissipated by the dissolution action and requests that the dissolution action be dismissed.

## JURISDICTION

¶ 6 We accept jurisdiction for several reasons. First, this issue of first impression is of statewide interest, and, second, the petitioner has no equally plain, speedy and adequate remedy by appeal. ARIZ. R.P. SPEC. ACTIONS 1; *e.g.*, *State ex rel. Romley v. Superior Court*, 181 Ariz. 378, 380, 891 P.2d 246, 248 (App.1995). Third, the issue is a purely legal one, an exception to the general rule that this court will not by special action review the denial of a motion to dismiss. *E.g.*, *United States v. Superior Court*, 144 Ariz. 265, 269, 697 P.2d 658, 662 (1985); *Maricopa County v. Superior Court*, 170 Ariz. 248, 251, 823 P.2d 696, 699 (App.1991).

## DISSOLUTION ACTION

■ ¶ 7 A dissolution of a marriage "affects the status previously existing between the parties ...," A.R.S. section 25–311(D), a status like that "created by and based upon a civil contract." *State Compensation Fund v. Foughty*, 13 Ariz.App. 381, 383, 476 P.2d 902, 904 (1971). The purpose of a dissolution action is to extinguish the marital community. Death accomplishes the same goal. *Hanrahan v. Sims*, 20 Ariz.App. 313, 317, 512 P.2d 617, 621 (1973) (community "dissolved by the husband's death"). Thus, a dissolution action necessarily abates with the death of a spouse. Courts of other jurisdictions that have addressed the issue are in

accord. *See Swick v. Swick,* 864 P.2d 819, 821 (Okl.1993) ("Death of a spouse terminates a divorce action if the death occurs before entry of the final divorce decree.") (emphasis deleted); *In re Marriage of Hilke,* 4 Cal.4th 215, 14 Cal.Rptr.2d 371, 841 P.2d 891, 894 (1992) ("Death of one of the spouses abates a cause of action for dissolution....."); *In re Marriage of Connell,* 870 P.2d 632, 633 (Colo.App.1994) (Because a divorce action is purely personal in nature, it immediately abates upon the death of a party during the pendency of a divorce action.); *see generally Effect of Death of Party to Divorce or Annulment Suit Before Final Decree,* 158 A.L.R. 1205 (1945).

¶ 8 The superior court relied on *Allen v. Allen,* 129 Ariz. 112, 628 P.2d 995 (App.1981), but that case has no applicability. In *Allen,* we held that a court had jurisdiction to enter a formal decree of dissolution *nunc pro tunc* because a rendition of judgment had been issued prior to the death of the husband. *Id.* at 115, 628 P.2d at 998. Similarly, in *Drahos v. Rens,* 149 Ariz. 248, 717 P.2d 927 (App.1986), we allowed a decree of separation to be signed *nunc pro tunc* after the death of a party because the minute entry reflected resolved issues. However, in this case, at the time of Mr. Todd's death, no issue had been resolved, let alone a judgment.[1] The superior court clearly erred

when it insisted on retaining jurisdiction in the dissolution action after Mr. Todd died; there was no basis in law for substituting the personal representative of Mr. Todd's estate for the deceased as a means for continuing jurisdiction.

### ATTORNEYS' FEES

¶ 9 Mrs. Todd has requested attorneys' fees pursuant to A.R.S. sections 12–341.01(C), 12–349 and 25–324, claiming that this special action was filed for harassment and not in good faith. Given that the petitioner has prevailed, an award of fees would be inappropriate.

### CONCLUSION

¶ 10 We accept jurisdiction of the petition for special action and grant relief. The superior court is directed to dismiss this action in favor of the probate action.

JON W. THOMPSON, Presiding Judge, and E.G. NOYES, JR., Judge, concur.

---

1. The probate division of the superior court may consider any transfer of property in alleged violation of the preliminary injunction automatically entered in the dissolution action. *See Marvin Johnson, P.C. v. Myers,* 184 Ariz. 98, 102, 907 P.2d 67, 71 (1995); *Lonergan v. Strom,* 145 Ariz. 195, 700 P.2d 893 (App.1985). Although the dissolution action abates, the issue of Mr. Todd's alleged violation of the preliminary injunction remains viable for resolution in the probate action. The validity of a court order, and, therefore, an argument respecting its violation, does not end with the closure of the case in which the order was entered.