■ VICTORIA MINNICK, Respondent, v F. WENDELL MINNICK, Appellant. [742 NYS2d 377] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (LaCava, J.), entered October 16, 2000, as denied that branch of his motion which was for an award of 35% of the net proceeds from the sale of the marital residence, less certain allowances.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties were married in 1968 and have two children who are 31 and 30 years of age. The parties have not lived together since 1980. On October 20, 1987, a Judicial Hearing Officer held an inquest and determined that the wife had been abandoned by the husband. On the date of the inquest, the parties entered into a stipulation of settlement on the record which provided for, inter alia, equitable distribution, child support, counsel fees, and the children's education. However, a judgment of divorce was never submitted to the court for signature and, as of the date of the entry of the order appealed from, a judgment of divorce still had not been entered.

At the time of the settlement, the parties owned a marital residence in Katonah as tenants by the entirety. The house was purchased in 1978 for $270,000 and had a fair market value of approximately $1,500,000 on the date of the settlement. The husband was in a distressed financial condition at the time of the settlement, with assets of less than $100,000 and judgments in excess of $2,000,000 which encumbered his then undivided one-half interest in the Katonah property.

Under the terms of the stipulation, the wife was awarded exclusive occupancy of the marital premises for 10 years unless the husband satisfied the judgments of approximately $2,000,000 by March 1, 1998. The agreement provided that the premises would eventually be sold, with the proceeds of the sale divided 65% to the wife and 35% to the husband, with certain liens on the property satisfied out of the husband's share of the proceeds. However, the agreement provided that if the wife succeeded in obtaining a settlement with all of the lien holding creditors, she was permitted to sell the premises without the husband's consent and retain all proceeds except certain funds which were to be placed in trust for the children's education. Under the agreement, both parties waived any rights in property acquired by the other spouse after the date of the stipulation.

In 1993 the wife purchased the husband's interest in the marital residence at a sheriff's sale to satisfy the husband's liens on the property. At the time of the sheriff's sale and for almost seven years thereafter, the husband did nothing to settle the judgments, assert an interest in the property, or compel its sale. In June 2000, the wife sold the property for in excess of $5,000,000. The husband moved for an order granting him 35% of the net proceeds from the sale of the property. The

Supreme Court denied the husband's application, ruling that the wife was entitled to 100% of the proceeds from the sale of the property. We agree.

The stipulation of settlement entered into by the parties on October 20, 1987, which has never been vacated and remains binding, made provision for several eventualities, including the wife's settlement with the lienholders. In 1993 the Katonah residence was marital property. The wife's participation in the sheriff's sale in which she purchased her husband's interest therein to satisfy the liens constituted a settlement with the creditors under the terms of the stipulation. At that juncture, the husband's interest in the tenancy by the entirety merged with the wife's, and she became the sole owner (*see V.R.W., Inc. v Klein,* 68 NY2d 560). Under the after acquired property provision of the agreement, the husband has no right to any of the proceeds from the sale of what was formerly his share of the marital residence.

The provision in the stipulation requiring a portion of the funds to be placed in trust for the children's education is no longer relevant, since the children are emancipated and have completed their educations, which were completely funded by the wife.

Accordingly, since the Supreme Court correctly determined that the wife was entitled to 100% of the proceeds of the sale of the property, there is no need to remit this matter for a determination of equitable distribution. Feuerstein, J.P., McGinity and H. Miller, JJ., concur.

Goldstein, J., dissents and votes to reverse the order insofar as appealed from, on the law, and to remit the matter to the Supreme Court, Westchester County, for a determination of equitable distribution and whether the defendant is entitled to a distributive award from one half of the proceeds from the sale of the marital residence, attributable to the one-half interest in the marital residence held by the wife during the course of the marriage, in the following memorandum, in which Townes, J., concurs: At issue here is the equitable distribution of the proceeds of the sale of the former marital residence. During the course of the marriage, the parties owned the marital residence as tenants by the entirety.

On October 20, 1987, the parties entered into a stipulation of settlement which provided that the premises would eventually be sold, the proceeds of the sale divided 65% to the wife and 35% to the husband, and certain liens on the property be satisfied out of the husband's share of the proceeds. The settlement further provided that if the wife settled with the husband's

creditors, the wife could sell the marital residence and retain all the proceeds. If the wife settled with the creditors for less than the value of the husband's share of the marital residence, the remainder of the husband's share was to be placed in a trust fund for the children's educations. Any amount of the trust funds remaining after the children completed their educations or reached the age of 23 years, whichever occurred sooner, was to revert to the husband.

The stipulation of settlement further provided that both parties waived any rights they may have in property held in the name of the other spouse during the marriage until the date of the stipulation, October 20, 1987, and waived any rights they may have in property acquired by the other spouse subsequent to the date of the stipulation.

A judgment of divorce was never submitted to the court for signature. Indeed, at the time the order appealed from was entered, a judgment of divorce still had not been entered.

The Supreme Court found that the ownership as tenants by the entirety ended on October 20, 1987, when the court agreed to enter a judgment of divorce and the stipulation of settlement was entered, citing *Cary v Fisher* (149 AD2d 890). That case holds that *recording* of the judgment of divorce is not a prerequisite to terminating the tenancy by the entirety, since recording of an instrument is merely a means to provide notice to third parties. However, it appears that a judgment of divorce is a prerequisite to terminating the tenancy by the entirety (*see Jancu v Jancu,* 241 AD2d 316). In the instant case, a judgment of divorce was never prepared.

Where a party dies after a divorce has been granted, but before a judgment of divorce can be prepared, signed, and entered, a judgment of divorce can be entered nunc pro tunc, if no vested rights of either party would be impaired by entry of the judgment nunc pro tunc (*see Cornell v Cornell,* 7 NY2d 164; *Van Pelt v Van Pelt,* 172 AD2d 659; *Jayson v Jayson,* 54 AD2d 687). However, that exception does not apply to the instant case (*see Jancu v Jancu, supra*).

In 1993 the wife purchased the husband's interest in the marital residence at a sheriff's sale to satisfy the husband's liens on the property. At that juncture, his interest in the tenancy by the entirety merged with hers, and she became sole owner (*see V.R.W., Inc. v Klein,* 68 NY2d 560).

Although the stipulation of settlement made provision for several eventualities, including the wife settling with the lienholders, it made no provision for what actually took place: the sheriff's sale of the husband's interest to the wife, at arms'

length, for $10,000, to satisfy the liens. The plaintiff wife conceded that this acquisition of the husband's interest did not constitute a settlement with creditors under the terms of the stipulation.

We are all in agreement that the stipulation of settlement, which has never been vacated, remains binding We further agree that pursuant to its terms, the husband has no right to any of the proceeds from the sale of what was formerly his share of the marital residence. The provision of the stipulation requiring the husband to place a portion of the proceeds from the sale of his share of the marital residence in trust for the children's educations is no longer relevant, since the children are emancipated and have completed their educations.

However, the wife's sole title to the marital residence has two components: her original one-half interest, acquired during the marriage and prior to the commencement of the action for divorce, and after acquired property purchased at the sheriff's sale. My colleagues in no way contend with the status of the wife's original one-half interest. If a judgment of divorce had been entered without providing for equitable distribution of that asset, equitable distribution of that asset at this juncture would have been barred (*see Boronow v Boronow,* 71 NY2d 284). However, in the absence of a judgment of divorce, that interest was, and remains, marital property subject to equitable distribution.

Accordingly, the matter should be remitted to the Supreme Court, Westchester County, for a determination of equitable distribution and whether the husband is entitled to a distributive award from the proceeds of the marital residence attributable to the interest in the marital residence held by the wife during the course of the marriage, subject to whatever offsets may be due and owing to the wife.