NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

YVONNE LATTIMORE, *Petitioner/Appellant,*

*v.*

CRYSTAL BOYD, *Respondent/Appellee.*

No. 1 CA-CV 13-0522

FILED 1-27-2015

Appeal from the Superior Court in Maricopa County
Nos. FC2012-093753, FC2012-093754 (Consolidated)
The Honorable John R. Hannah, Jr., Judge

**AFFIRMED**

COUNSEL

Yvonne Lattimore, Salinas, CA
*Petitioner/Appellant*

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco and Judge Randall M. Howe joined.

**P O R T L E Y**, Judge:

¶1 Yvonne Lattimore ("Grandmother") appeals an order denying her visitation rights with her granddaughters, S. and N.[1] For the following reasons, we affirm the trial court's order.

## FACTS

¶2 Grandmother is the mother of Crystal Boyd ("Mother"), who is the mother of the two minor children. Five months before filing a petition for grandparent visitation for each child, Grandmother filed a police report alleging that Mother had abused the oldest child, S. After an investigation, the police did not find evidence of child abuse that would justify forwarding the charges to the county attorney.

¶3 The day after Grandmother filed her grandparent visitation petitions,[2] she filed another police report, but the police ultimately closed the investigation because the allegations were the same ones she had reported in March. Later that month she filed a petition in the juvenile court seeking a determination that her granddaughter, S., was dependent. *See In the Matter of S.*, JD510407 (Aug. 31, 2012). The juvenile court, however, dismissed the petition at the preliminary protective hearing after a child protective services investigation found no facts supporting the petition.

¶4 Mother responded to the visitation petitions, and the family court held a hearing. After hearing testimony from Grandmother, Mother, and Steven Smith, N.'s father, the court denied Grandmother's petitions, and this appeal followed.[3] We have jurisdiction under Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2013) and 12-2101(B) (2011).[4]

## DISCUSSION

¶5 Grandmother raises seventeen issues on appeal. Generally, her issues fall into one of three categories: discovery and disclosure; evidentiary rulings; or credibility determinations. We review the court's ruling denying grandparent visitation for an abuse of discretion. *See*

[1] To protect the identity of the minors, we will only use their first initial.
[2] The court consolidated both petitions.
[3] Neither Mother nor Smith filed an answering brief. Although we could treat their failure to respond as confessions of error, we review the merits of the appeal. *See McDowell Mountain Ranch Cmty. Ass'n v. Simons,* 216 Ariz. 266, 269, ¶ 13, 165 P.3d 667, 670 (App. 2007).
[4] We cite to the current version of the statute unless otherwise noted.

*McGovern v. McGovern,* 201 Ariz. 172, 175, ¶ 6, 33 P.3d 506, 509 (App. 2001). We also review the court's individual rulings for an abuse of discretion. *See Marquez v. Ortega,* 231 Ariz. 437, ¶ 14, 296 P.3d 100 (App. 2013) ("A trial court has broad discretion in ruling on disclosure and discovery matters, and this court will not disturb that ruling absent an abuse of discretion."); *Larsen v. Decker*, 196 Ariz. 239, 241, ¶ 6, 995 P.2d 281, 283 (App. 2000) ("We review the trial court's evidentiary rulings for a clear abuse of discretion[.]"); *see also Romer-Pollis v. Ada,* 223 Ariz. 300, 302-03, ¶ 12, 222 P.2d 916, 918-19 (App. 2009) (citation omitted) (noting that a court abuses its discretion when the record fails to provide substantial evidence for the court's finding). We will, however, not reweigh the court's determination of the evidence or substitute our evaluation of the facts because the court, as the trier of fact, listened to the testimony, watched the witnesses and determined the credibility of each witness. *Castro v. Ballesteros-Suarez*, 222 Ariz. 48, 51-52, ¶ 11, 213 P.3d 197, 200-01 (App. 2009).

**¶6**        Grandparents seeking visitation rights with their grandchildren can file a petition pursuant to A.R.S. § 25-409. The grandparent must demonstrate, for example, that the grandchild was "born out of wedlock and the child's legal parents are not married to each other at the time the petition is filed," A.R.S. § 25-409(C)(2), and that visitation is in the child's best interests. A.R.S. § 25-409(C). In ruling on the petition, the court must "give special weight to the legal parents' opinion of what serves their child's best interests and consider all relevant factors[,]" including: the relationship of the child and grandparent, the grandparent's motivation for visitation, the parent's motivation for objecting to visitation, as well as the time requested and "the potential adverse impact that visitation will have on the child's customary activities." A.R.S. § 25-409(E); *see McGovern,* 201 Ariz. at 175, 177-78, ¶¶ 8, 18, 33 P.3d at 509, 511-12 (citing *Troxel v. Granville,* 530 U.S. 57, 70-72 (2000)).

## I.        Discovery and Disclosure Issues

**¶7**        Grandmother argues that the family court erred by making erroneous discovery and disclosure rulings. We disagree.

**¶8**        Grandmother first argues that the family court erred by allowing Mother to present and submit evidence that Mother did not properly disclose before the hearing. Mother introduced one exhibit at the hearing. Grandmother did not object to the admission of the exhibit, nor did she raise any issue that her daughter had not completed discovery or disclosure before the hearing. Because Grandmother did not raise the issue with the family court or give the court an opportunity to resolve any

dispute, we will not consider the argument. *See Englert v. Carondelet Health Network*, 199 Ariz. 21, 26, ¶ 13, 13 P.3d 763, 768 (App. 2000) (appellate court does not consider issues raised for the first time on appeal).

**¶9** Grandmother also contends that the court erred by allowing Smith to testify because Mother did not disclose him as a witness. Grandmother, however, did not object before trial or at trial to Smith testifying. Again, because Grandmother did not give the trial court the opportunity to rule on the issue, we will not consider the argument. *See Cullum v. Cullum,* 215 Ariz. 352, 355 n.5, ¶ 14, 160 P.3d 231, 234 (App. 2007).

**¶10** Grandmother also claims that the court erred by allowing Smith to testify even though he is not S.'s biological father.[5] She omits, however, he is N.'s father, she served him with her petition to have visitation with his daughter, the court consolidated both petitions, and the hearing addressed both children. Moreover, because Smith is a parent of one of the children, his testimony was relevant in determining whether grandparent visitation was in his daughter's best interests. *See* A.R.S. § 25-409(E) (the court must give special weight to the legal parent's opinion of what serves the child's best interests). Consequently, considering that Grandmother did not object to Smith testifying at the hearing, the court receiving Smith's testimony at the hearing was not error.

## II. Evidentiary Rulings

**¶11** Grandmother also claims that the family court committed reversible error in various evidentiary rulings. She first asserts that the court erred by asking Smith if he had been served and was N.'s legal father before putting him under oath. She, however, did not object to the questioning. As a result, after receiving Smith's answers, the court found that Smith had been properly served and was N.'s father, and administered the oath before taking his testimony. Because Grandmother did not object to the questions, we will not consider the argument for the first time on appeal. *See Englert*, 199 Ariz. at 26, ¶ 13, 13 P.3d at 768.

**¶12** Grandmother also argues that the court erred by considering her fourteen-year-old felony conviction for insurance fraud and failing to allow her to explain the conviction. We review the ruling for an abuse of

---

[5] The minute entry mistakenly reflects that Smith is S.'s father. S.'s father had been served by publication, but did not participate in the proceedings.

discretion. *See State v. Dixon*, 126 Ariz. 613, 618, 617 P.2d 779, 784 (App. 1980) (citations omitted).

**¶13**         Grandmother submitted a discharge summary from a state hospital indicating that she had pending criminal charges for insurance fraud.[6]  The court asked her about the charges.  Although she claimed the convictions were not relevant because they were more than ten years old, she answered the questions.  And the court considered her testimony in determining credibility.

**¶14**         The Arizona Rules of Evidence provide that a testifying witness can be impeached with a prior conviction. *See* Ariz. R. Evid. 608(b), 609(a)(2).  A witness's character for truthfulness, for example, can be challenged under Rule 608 by using specific instances of conduct related to truthfulness.  Ariz. R. Evid. 608(b).  Additionally, a criminal conviction involving a dishonest act or false statement can be admitted under Rule 609(a)(2).  And if a conviction is more than ten years old, it can be admitted pursuant to Rule 609(b) as follows:

> **(b) Limit on Using the Evidence After 10 Years.** This subsection (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later.  Evidence of the conviction is admissible only if:
>
> **(1)** its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
>
> **(2)** the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

**¶15**         Grandmother listed and introduced the exhibit indicating that she was charged with multiple crimes involving false statements.  The court asked her about the resulting convictions and she answered the questions.  The court specifically found that any prejudice resulting by using her convictions was substantially outweighed by its probative value because her convictions demonstrated her use of "false statements and false

---

[6] The evaluation was to determine whether Grandmother was still incompetent to stand trial.

evidence to manipulate a third-party decision-maker to reach a desired outcome." *See* Ariz. R. Evid. 608(b)(1). Because Grandmother introduced the exhibit and the court considered the information pursuant to Rules 403, 608, and 609, the court did not abuse its discretion by considering the felony conviction as it implicated Grandmother's credibility.

**¶16** Grandmother also maintains that the court erred by allowing Mother to object when Grandmother introduced exhibits. Grandmother contends that Mother forfeited her right to object to any exhibits because she failed to serve a pretrial statement. Although the pretrial minute entry of February 7, 2013, provides that "[o]bjections and pretrial motions not filed by June 6, 2013 may be deemed waived," the court was free to consider any objection because the court did not say that "any objection(s) will be waived." More importantly, although Mother objected to Grandmother's exhibits, the court overruled all of her objections and considered the exhibits. As a result, the court did not abuse its discretion by allowing and ruling on Mother's objections.

### III.    Credibility Determinations

**¶17** Grandmother argues that the family court erred by finding that her testimony was less credible than Mother's and Smith's testimony. The family court is in the best position to judge the credibility of witnesses. *Mary Lou C. v. Arizona Dep't of Econ. Sec.,* 207 Ariz. 43, 47, ¶ 8, 83 P.3d 43, 47 (App. 2004). We only review the court's decision for an abuse of discretion, *Hurd v. Hurd,* 223 Ariz. 48, 51, ¶ 11, 219 P.3d 258, 261 (App. 2009), and we do not reweigh conflicting evidence on appeal. *Id.* at 52, ¶ 16, 219 P.3d at 262. We will affirm the ruling so long as substantial evidence supports it, even if the evidence conflicts. *Id.*

**¶18** To determine whether a grandparent should have visitation with a grandchild, the court has to consider all relevant statutory factors and whether the visits would be in the child's best interests. A.R.S. § 25-409(E). In ruling on the petition, the court had to consider Grandmother's and Mother's motivations, and credibility was an important factor in the court's ruling.

**¶19** Based on the testimony, Grandmother and Mother clearly have a difficult relationship. This litigation ostensibly started when Grandmother alleged that Mother was abusing the children, even though subsequent police and Child Protective Services investigations indicated that the allegations were unfounded and uncorroborated. The family court was free to consider the evidence of Grandmother's motivations, along with

all of the other evidence presented to determine credibility. We will not reweigh the evidence or the court's credibility determinations. Consequently, given Mother's and Smith's testimony, Grandmother's history and her attempts to demonstrate that her daughter was an unfit parent, we find no abuse of discretion.

¶20        Grandmother also claims that the court erred by considering her willingness to comply with court orders if the children were allowed to visit in California. In reaching its finding, the court had to consider all the evidence and assess whether Grandmother would return the children on time or as required by court order. Although Grandmother disagrees with the court's assessment, the fact that she filed a dependency petition repeating earlier allegations that the police and Child Protective Services had investigated and found to be lacking, suggests that she was willing to make unsubstantiated claims to get access to her grandchildren despite Mother's opposition. Consequently, the court did not abuse its discretion because evidence supports its finding.

¶21        Finally, Grandmother asserts that the family court erred by stating that S.'s legal parents objected to the visitation. S.'s father did not participate in the hearing. The court's minute entry misstates the facts and should have provided, "[t]he children's mother and [N.'s] Father are emphatically opposed to the petitions." Although the minute entry came after the court's oral pronouncement, the transcript clearly shows that the court properly stated that "[b]oth legal parents of [N.'] and [S.'s] mother are emphatically opposed to the petition . . . ." Because the oral pronouncement of the court adjudicating the matter controls over any subsequent minute entries, *see, e.g., Allen v. Allen*, 129 Ariz. 112, 114-15, 628 P.2d 995, 997-98 (App. 1981), the court did not err in its ruling even though the written ruling misstated the facts.

## CONCLUSION

¶22        For the foregoing reasons, we affirm the order denying Grandmother's petitions to have visitation with her granddaughters.



Ruth A. Willingham · Clerk of the Court
FILED: ama